654 So.2d 969 (1995)
Ron COCHRAN, Sheriff of Broward County, Appellant,
v.
Robert HARRIS and Marcus Harris, Appellees.
No. 93-3537.
District Court of Appeal of Florida, Fourth District.
April 19, 1995.
Rehearing and/or Clarification Denied June 2, 1995.
*970 Abigail F. Morrison and Heidi N. Shulman of Whitelock, Soloff & Rodriguez, Fort Lauderdale, for appellant.
David W. Collins of the Law Office of David W. Collins, Fort Lauderdale, for appellees.
Rehearing En Banc and/or Clarification Denied June 2, 1995.
KLEIN, Judge.
The trial court dismissed this forfeiture proceeding[1] because it concluded that the delay between claimant's request for a preliminary hearing on probable cause, and the occurrence of the hearing, constituted a denial of due process. We affirm.
When the Florida Supreme Court determined that the Florida Contraband Forfeiture Act, §§ 932.701-707, Fla. Stat., was facially constitutional in Department of Law Enforcement v. Real Property, 588 So.2d 957, 965 (Fla. 1991), it nevertheless found the act lacking in procedural safeguards and established, among other things, probable cause hearings:
After the ex parte seizure of personal property, the state must immediately notify all interested parties that the state has taken their property in a forfeiture action; and that they have the right to request a postseizure adversarial preliminary hearing. If requested, the preliminary hearing shall be held as soon as is reasonably possible to make a de novo determination as to whether probable cause exists to maintain the forfeiture action; and to determine whether continued seizure of the property is the least restrictive means warranted by the circumstances to protect against disposal of the property pending *971 final disposition. Again, as with real property forfeitures, this initial stage should be expeditiously completed, and we anticipate that the adversarial preliminary hearing, if requested, will take place within ten days of the request.

(Emphasis added).
In response to Real Property, the legislature amended the Act to provide, when personal property has been seized, that if a claimant requests a preliminary hearing, it "shall be held within 10 days after the request or as soon as practicable." Section 932.703(2)(a), Fla. Stat. (1992).[2]
The sequence of relevant events in this case began on July 21, 1993 when, during the execution of a search warrant, deputies from the Broward County Sheriff's office seized currency, along with drugs and weapons, in a residence occupied by the claimants. Claimants filed their request for a preliminary hearing as to the currency on July 29, and a sheriff's staff attorney contacted claimants on August 11, to inform them of the procedure to set a hearing. Claimants' counsel filed a request for a hearing on August 17. He next wrote a letter to the court on August 19, stating that he had been unsuccessful in reaching the judge's office by telephone. In the letter, counsel requested that a preliminary hearing be set on the docket for August 24, but on August 23, the sheriff's office set the hearing on the motion calendar for August 31. The preliminary hearing did not occur at that time, because although the court was willing to proceed, claimants' counsel had assumed that no testimony could be taken on the motion calendar, and did not have his witnesses present.
The sheriff's office reset the hearing for September 8, and following that hearing, the court entered an order finding probable cause. Claimants filed a motion to dismiss on September 30, arguing that their due process rights had been violated because the preliminary hearing was held more than 10 days after it had been requested. The court granted the motion, and the sheriff has appealed.
Although we have no precedent to guide us on whether the delay in this case is a violation of due process, we are keenly aware of the concerns expressed by the Florida Supreme Court in Real Property:
The Act raises numerous constitutional concerns that touch upon many substantive and procedural rights protected by the Florida Constitution. In construing the Act, we note that forfeitures are considered harsh exactions, and as a general rule they are not favored either in law or equity. Therefore, this Court has long followed a policy that it must strictly construe forfeiture statutes.
588 So.2d at 961.
In light of the above concerns and others expressed in Real Property, particularly in regard to individual rights, we conclude that the 23 day delay between August 8 (which was the 10th day after claimants requested a hearing) and August 31 (when the hearing could have occurred if claimants had been ready) does not comply with section 932.703(2)(a), because the hearing did not occur in 10 days or as soon as was practicable.
Although the sheriff's office eventually supplied some assistance to the claimants in setting the hearing, what the sheriff's office did was not enough. In spite of the 10 day statutory provision, the sheriff did nothing from the time that claimants requested a preliminary hearing, on July 29, until the staff attorney called the claimants on August 11. At that time the sheriff merely informed claimants as to the places for getting a hearing. But for claimants having retained counsel to assist them in getting the hearing, it might well have not occurred when it did.
*972 It should not be necessary for claimants to have to retain counsel in order to get a quick preliminary hearing on probable cause. The statute does not require the claimant to do anything more than request the hearing. Because the consequence of not having a timely hearing works to a claimant's advantage, since the forfeiture proceedings will be dismissed if the delay amounts to a denial of due process, the burden must fall on the government to see that the preliminary hearing does occur as soon as possible. And, in addition to the governmental agencies having to take the initiative in setting preliminary hearings, the courts must adapt their schedules so that claimants who request preliminary hearings get them promptly. We must remember that:
[T]he state has substantial interests in restraining the use of potentially forfeitable property to punish criminal wrongdoers; to seek retribution for society; to deter continued use of the property for criminal activity; to remedy the wrongs done to society; and to compensate the state for its law enforcement services.
Real Property 588 So.2d at 964.
In urging that the delay did not constitute a denial of due process, the sheriff cites U.S. v. Fifty-Two Thousand and Eight Hundred Dollars ($52,800.00) in U.S. Currency and Interest, 33 F.3d 1337 (11th Cir.1994), in which the court characterized a 3 1/2 month delay between a federal seizure and the initiation of proceedings by the government as a "brief delay under ordinary circumstances." The federal courts utilize a four-factor test established in U.S. v. Eight Thousand Eight Hundred Fifty Dollars, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), for determining whether a delay in instituting a federal forfeiture proceeding violates due process. The same test used for determining federal speedy trial claims. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
The federal factors are: (1) the length of delay, (2) the reason for delay, (3) the claimant's assertion of right, and (4) the prejudice to claimant. These factors are not requirements, but rather are "guides in balancing the interest of the claimant and the Government to assess whether the basic due process requirement of fairness has been satisfied in a particular case." Eight Thousand, 461 U.S. at 565, 103 S.Ct. at 2012.
The federal seizure laws construed in Fifty-Two Thousand do not require a probable cause hearing within 10 days or as soon as practicable. And, although a state may not restrict the fundamental rights of citizens more than federal constitution permits, a state can be more restrictive of government intrusion on individual rights than is required by the federal constitution. Traylor v. State, 596 So.2d 957 (Fla. 1992), citing PruneYard Shopping Ctr. v. Robins, 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980). Our reading of Real Property convinces us that the Florida Supreme Court requires greater due process protection in seizures than is required under federal law. Nevertheless, the factors utilized by the federal courts can still serve a useful purpose in analyzing whether a claimant has been denied due process under the Florida law.
The claimants filed their request for a preliminary hearing on July 29, yet, the sheriff did not get the hearing set until August 31. Since the claimants did everything they were required to do under the statute by requesting the hearing, the delay between July 29 and August 31 was not attributable to them. Applying the first three federal factors, we conclude that the delay was too great, since it was more than three times the 10 day standard "anticipated" by the court in Real Property, and did not occur "as soon as practicable" after the expiration of the 10 day period as required by the statute. The fourth factor, prejudice to claimant is not significant here, since the property seized was cash; however, prejudice could be a consideration if the seized property were, for example, a vehicle vital to claimant's livelihood.
We affirm the trial court's conclusion that the claimants were denied due process.
HERSEY and WARNER, JJ., concur.
NOTES
[1] We have changed the caption in this forfeiture proceeding because, as Judge Farmer explained in Fink v. Holt, 609 So.2d 1333, 1335 (Fla. 4th DCA 1992):

The applicable rule of civil procedure expressly requires that every caption contain the name of at least the first party on each side of the controversy. Fla.R.Civ.P. 1.100(c)(1) and 1.901. In a forfeiture proceeding, the caption should therefore identify the party seeking the forfeiture and the parties claiming an interest in it, if known.
[2] Realty cannot be seized, except for the filing of a lis pendens, until after a preliminary hearing. § 932.703(2)(b). The court distinguished realty and personalty in Real Property:

It is clear that real and personal property are substantially different both in the interests of the parties involved and in the ability of owners or lienholders to dispose of their interests. Therefore, the manner in which due process applies to the preliminary restraint, notice, and hearing requirements varies when distinguishing between the forfeiture of interests in real and personal property. Id. at 965.