684 So.2d 204 (1996)
STATE of Florida DEPARTMENT OF HIGHWAY AND SAFETY AND MOTOR VEHICLES, Appellant,
v.
Lucien METIVER, Penny Metiver, Master Auto Sales, Inc., Appellees.
No. 95-3785.
District Court of Appeal of Florida, Fourth District.
October 23, 1996.
Rehearing and Clarification Denied December 26, 1996.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Hollywood, for appellant.
Gary Gerrard of Gary Gerrard, P.A., Coral Gables, for appellees.
STONE, Judge.
We affirm an order granting Appellee's motion to dismiss and requiring the Department of Highway Safety to return seized property as a result of the department's failure to obtain a preliminary adversarial hearing within ten days of Appellee's request.
On September 23, 1995, cash was seized from Appellee's alleged employee following a traffic stop. On October 3, 1995, Appellee's attorney requested the return of the seized currency or an adversarial preliminary hearing within ten days pursuant to section 937.703(2)(a), Florida Statutes. Rather than act immediately, the department waited until October 13th to file a verified complaint, a probable cause affidavit, and its motion for adversarial preliminary hearing. The following day, the trial court entered an order setting a hearing for October 18, 1995.
Section 932.703(2)(a), Florida Statutes, provides in pertinent part:
(2)(a) Personal property may be seized at the time of the violation or subsequent to the violation, if the person entitled to notice is notified at the time of the seizure or *205 by certified mail, return receipt requested, that there is a right to an adversarial preliminary hearing after the seizure to determine whether probable cause exists to believe that such property has been or is being used in violation of the Florida Contraband Forfeiture Act. Seizing agencies shall make a diligent effort to notify the person entitled to notice of the seizure. Notice provided by certified mail must be mailed within 5 working days after the seizure and must state that a person entitled to notice may request an adversarial preliminary hearing within 15 days after receiving such notice. When a post-seizure, adversarial preliminary hearing as provided in this section is desired, a request must be made in writing by certified mail, return receipt requested, to the seizing agency. The seizing agency shall set and notice the hearing, which must be held within 10 days after the request is received or as soon as practicable thereafter. (emphasis added)
In Department of Law Enforcement v. Real Property, 588 So.2d 957, 965-66 (Fla. 1991), the supreme court, in upholding the constitutionality of the Contraband Forfeiture Act, held:
After the ex parte seizure of personal property, the state must immediately notify all interested parties that the state has taken their property in a forfeiture action; and that they have the right to request a post-seizure adversarial preliminary hearing. If requested, the preliminary hearing shall be held as soon as is reasonably possible to make a de novo determination as to whether probable cause exists to maintain the forfeiture action; and to determine whether continued seizure of the property is the least restrictive means warranted by the circumstances to protect against disposal of the property pending final disposition. Again, as with real property forfeitures, this initial stage should be expeditiously completed, and we anticipate that the adversarial preliminary hearing, if requested, will take place within ten days of the request. (emphasis added)
The legislature responded to this opinion by inserting the provision requiring that a hearing be held within 10 days "or as soon as practicable." § 932.703(2)(a), Fla.Stat. (1995).
This court addressed the statute in Cochran v. Harris, 654 So.2d 969, 971 (Fla. 4th DCA 1995). There, we said:
In light of the above concerns and others expressed in Real Property, particularly in regard to individual rights, we conclude that the 23 day delay between August 8 (which was the 10th day after claimants requested a hearing) and August 31 (when the hearing could have occurred if claimants had been ready) does not comply with section 932.703(2)(a), because the hearing did not occur in 10 days or as soon as was practicable.

Although the sheriff's office eventually supplied some assistance to the claimants in setting the hearing, what the sheriff's office did was not enough.
(emphasis added)
Claimants should not have to retain counsel in order to get a quick preliminary hearing on probable cause. The statute does not require the claimant to do anything more than request the hearing. Because dismissal, the consequence of not having a timely hearing, works to a claimant's advantage, the burden must fall on the government to see that the preliminary hearing takes place as soon as possible.
Concededly, the delay and apparent fault of the seizing agency was greater in Cochran than here. However, the burden is on the department to demonstrate that the hearing was timely held. Cf. Real Property; Pandol Brothers, Inc. v. NCNB Nat'l Bank of Florida, 450 So.2d 592 (Fla. 4th DCA 1984). Failure to recognize that this is the government's burden would effectively neutralize the law's ten-day mandate. We do not construe the "as soon as practicable" wording in the statute as carte blanche authority for a seizing agency to cause a hearing to be set beyond the ten-day limit because the agency or its attorneys did not find it convenient to act sooner. Rather, that exception simply authorizes a setting court to schedule a hearing beyond the ten-day period in the event it is not practicable to set the *206 hearing within the ten-day limit. We do not, however, construe the statute as authorizing the government entity to delay acting for reasons such as internal scheduling, agency, attorney, or officer workload, agency or police procedures, etc., which result in the court's inability to schedule a timely hearing. We need not address whether there may be reasonable justifications for agency delay, because here there is no proffer[1] that would excuse the agency's failing to act in a timely manner.
Clearly, if the statute is to be effective, the seizing entity must act within sufficient time to permit the court to schedule the requested hearing within the statutorily allotted ten-day period. To hold otherwise is simply to disregard the mandate of the statute and of Department of Law Enforcement v. Real Property.
We have considered, and reject, Appellant's argument that the recent addition of the word "thereafter" to the statute, so that it now reads, "as soon as practicable thereafter," extended the ten-day time limit. The apparent purpose of this addition is to clarify that the time "as soon as practicable" did not apply to the days within the ten-day period.
We recognize that the five-day delay in this case might, under other circumstances, be deemed insignificant. However, a forfeiture statute must be strictly construed. E.g., Cochran; Real Property.
As Appellant has not demonstrated that the hearing took place within ten days of the request or as soon as practicable thereafter, the order is affirmed.
FARMER and PARIENTE, JJ., concur.
NOTES
[1] Although the agency did ask that the officer be permitted to testify, there is no indication by counsel that the testimony would go beyond excuses (such as the time it takes to transmit files from Tallahassee, to draft a complaint, and to obtain signatures) that were unacceptable to the court.