718 So.2d 843 (1998)
CITY OF FORT LAUDERDALE, Appellant,
v.
Jacolyn BARUCH, Gregg Baruch and Keith Baruch, Appellees.
No. 97-1783.
District Court of Appeal of Florida, Fourth District.
August 19, 1998.
Rehearing and Clarification Denied September 22, 1998.
*844 Jeffrey J. Hochman, Fort Lauderdale, for appellant.
David G. Vinikoor of David G. Vinikoor, P.A., Fort Lauderdale, for appellees.
GROSS, Judge.
The City of Ft. Lauderdale appeals the trial court's finding of no probable cause in an adversarial preliminary hearing under the Florida Contraband Forfeiture Act, sections 932.701-932.707, Florida Statutes (1995). We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii), since the trial court order determined the right to immediate possession of property.
*845 The Ft. Lauderdale Police Department obtained a search warrant for two safety deposit boxes located at Gault Ocean Intervault, Inc. The warrant allowed the police to seize "controlled dangerous substances" and related items including "any monies derived from the sale of said controlled dangerous substances."
When the boxes were opened, the police found nothing relating to drugs. Box 4178 contained $411,110 in cash. Nothing inside that box indicated ownership of the money.
Box 4179 contained $237,819 in cash, a baseball card collection, several stock certificates, miscellaneous papers, and four audio cassettes. The police listened to the cassettes and found them to relate to an unlawful bookmaking operation. The police identified writings on money wrappers and bank envelopes as pertaining to gambling. The stock certificates indicated that the registered holders were Gregg Baruch, Keith Baruch, and Louis Baruch. Two documents concerned a vehicle purchase option in the name of Jackie Baruch.
Both safety deposit boxes had been rented by a woman named Amy Holt on August 10, 1996. Signature cards for the boxes authorized Amy Holt, Rick Montz, and Tom Norris to have access to them. Records showed that only Holt and Montz had gained access to the boxes since August 10.
Based on the papers found in box 4179, the police identified fourteen individuals potentially entitled to receive notification under section 932.703(2)(a), Florida Statutes (1995), of the City's intent to seek forfeiture of the items found in both boxes. Just three of the persons so notified requested an adversary preliminary hearing___appellees Jacolyn, Gregg, and Keith Baruch.
Only Jacolyn Baruch appeared at the adversary preliminary hearing. She testified merely that she had an "interest" in the contents of box 4178 and that she had previously been sentenced for a gambling related offense, but asserted her Fifth Amendment privilege in response to all other questions,[1] including specific inquiries about how she maintained an interest in the money.
At the end of the hearing, the City argued that Jacolyn Baruch had failed to demonstrate a sufficient interest in the contents of box 4178 to challenge the City's probable cause in an adversary preliminary hearing. The appellees responded that under the forfeiture statute, the party challenging a seizure has no burden at the preliminary hearing, as opposed to the forfeiture hearing, to establish standing; their contention was that the mere request for a hearing by a recipient of the statutory notice triggers the seizing authority's burden to establish probable cause for forfeiture. The trial court agreed with the appellees, ruling that there was no requirement that standing be established at an adversary preliminary hearing under the forfeiture statute.
The trial court ruled that there was probable cause to obtain the search warrant and that the search of both boxes was proper. The court found a nexus between the contents of box 4179 and the criminal activity of illegal gambling sufficient to permit the seizure of the contents of that box, but found an insufficient nexus for the cash in box 4178. The court deferred the question of the appellees' standing to assert a possessory interest to the contents of box 4179 until the forfeiture hearing. The court ordered the City to return the money from box 4178 to the box, but granted a stay pending this appeal, conditioned on the City placing the money in an interest bearing account.
This appeal involves the trial court's ruling as to the contents of box 4178. There has been no cross-appeal of the order as it pertains to box 4179. We reverse, since the appellees failed to meet their burden of proving standing sufficient to give rise to the right to contest probable cause at an adversarial preliminary hearing. The terms of the forfeiture statute require parties opposing forfeiture to demonstrate their standing at each stage of the proceeding.
*846 A mandatory requirement of the forfeiture act is that a seizing agency "make a diligent effort to notify the person entitled to notice of the seizure" of the personal property[2] which is the subject of the proceeding. See § 932.703(2)(a), Fla. Stat. (1995). Notice may be delivered personally or by certified mail, return receipt requested, mailed within five working days after the seizure. Id. The notice must advise
that there is a right to an adversarial preliminary hearing after the seizure to determine whether probable cause exists to believe that such property has been or is being used in violation of the Florida Contraband Forfeiture Act ... and must state that a person entitled to notice may request an adversarial preliminary hearing within 15 days after receiving such notice.
Id.
At the time of a seizure, a seizing agency may not know who the ultimate claimants to property might be. It is in the interest of a seizing agency to aggressively notice all potential claimants, to cast a wide net for "persons entitled to notice" under the statute, since a later finding of a lack of diligence would vitiate the entire forfeiture proceeding. Any interpretation of the statute which permitted a seizing agency to tiptoe around the notice requirement would eviscerate the statutory intent to provide a speedy preliminary hearing and would run afoul of the procedural due process requirement of Article I, Section 9, of the Florida Constitution. See Department of Law Enforcement v. Real Property, 588 So.2d 957, 965-66 (Fla.1991); State Dep't of Highway Safety and Motor Vehicles v. Metiver, 684 So.2d 204 (Fla. 4th DCA 1996); Cochran v. Harris, 654 So.2d 969 (Fla. 4th DCA 1995) (stating that forfeiture statute is to be strictly construed).
Under the forfeiture act, only a "person entitled to notice" has the right to an adversarial preliminary hearing. See §§ 932.703(2)(a),(b), 932.704(5)(b). A "person entitled to notice" is a phrase defined by the Act:
"Person entitled to notice" means any owner, entity, bona fide lienholder, or person in possession of the property subject to forfeiture when seized, who is known to the seizing agency after a diligent search and inquiry.
§ 932.701(2)(e), Fla. Stat. (1995). This statutory definition is contrary to the appellees' contention that any recipient of a statutory notice is entitled to an adversary probable cause hearing. To fall within the definition, one purporting to be a "person entitled to notice" must, at the probable cause hearing, establish some connection with the seized property, either as an owner, lienholder, or person in possession at the time of the seizure.
This showing of standing required of a "person entitled to notice" is less stringent than that required of a "claimant" at a forfeiture hearing. To qualify as a "claimant," a party opposing forfeiture has the burden of establishing both a "proprietary interest" in the property seized and "standing" to challenge the forfeiture. See §§ 932.701(2)(h), 932.704, Fla. Stat. (1995); Cochran v. Jones, 707 So.2d 791 (Fla. 4th DCA 1998). A "person entitled to notice" need not demonstrate a proprietary interest in the property at issue, but only that he was "in possession" of the property when it was seized.
In Munoz v. City of Coral Gables, 695 So.2d 1283 (Fla. 3d DCA 1997), the third district held that at an adversarial preliminary hearing under the forfeiture statute, the party opposing seizure must establish some possessory or ownership interest in the property in order to establish standing to contest probable cause. While we agree with Munoz that there is a requirement to demonstrate standing at a preliminary hearing, we disagree with its reasoning. Munoz appears to confuse the standing requirement of a final forfeiture hearing with that of an adversarial preliminary hearing to establish probable cause. The case cites to authorities addressing the standing requirement at forfeiture hearings. Id. at 1286-87. The case discusses the standing requirement of a "claimant," *847 the statutory term applicable to a contestant in a forfeiture proceeding. Id. The case involved an adversarial preliminary hearing in which Munoz challenged a seizure of $85,803 from his residence, including $55,000 in cash from a shoe box in his bedroom closet. The third district held that Munoz had not demonstrated standing at the preliminary hearing, finding that his "mere possession of the currency" was not "legally determinative of his possessory and/or ownership interest" in the money. Id. at 1287-88. Munoz did not cite to section 932.701(2)(e), the statutory definition of a "person entitled to notice;" it appears that Munoz fell within that definition as a person "in possession of the property... when seized" so that he did have standing to challenge probable cause at a preliminary hearing.
The imposition of a standing requirement at an adversarial preliminary hearing is consistent with the general rule that only a person with standing may participate in a judicial proceeding. See Byrom v. Gallagher, 609 So.2d 24, 26 (Fla.1992). The due process clause requires that "those claiming an interest in the property" be provided with notice and the opportunity to be heard at each stage of the proceeding. Real Property, 588 So.2d at 957. The legislature's 1992 amendments to the forfeiture act added the statutory definitions of "claimant," "person entitled to notice," "adversarial preliminary hearing," and "forfeiture proceeding." Ch. 92-54, § 1, at 502, Laws of Fla. These definitions shaped the standing requirements for the two stages of a forfeiture proceeding within the constitutional parameters of due process.
In this case, Jacolyn Baruch's bare assertion of an "interest" in the contents of box 4178 was insufficient to bring her within the statutory definition of a "person entitled to notice." An "interest" does not equate with ownership or the existence of a lien on the property. There was no testimony that any of the appellees either rented the safe deposit box or were authorized on the signature cards to access it, such that they could be said to have been in "possession" of the money at the time it was seized. In sum, the appellees failed to demonstrate that they were persons "entitled to notice" under section 932.701(2)(e), so they had no standing to litigate the issue of probable cause at an adversarial preliminary hearing.
We do not read the City's statement at the hearing that a "claimant has the absolute right, of course, to request an adversarial preliminary hearing" as a stipulation to the appellees' standing in the proceeding below. The recipient of a statutory notice is entitled to request an adversarial preliminary hearing subject to the later requirement that, at the hearing, he demonstrates that he comes within the statutory definition of a "person entitled to notice."
We reverse that portion of the trial court's order directed at the contents of box 4178. On remand, the trial court shall make a de novo probable cause determination as if no person entitled to notice had requested a preliminary hearing, pursuant to section 932.704(5)(b), Florida Statutes (1995). In the event the City has not or does not pursue a forfeiture proceeding against the contents of box 4178, then the provisions of paragraph 6.(b)i, iv, and v of the trial court's August 20, 1997 order shall apply.
STEVENSON, J., concurs.
POLEN, J., dissents with opinion.
POLEN, Judge, dissenting.
I would affirm the trial court's determination that appellant has failed to show probable cause to proceed with forfeiture proceedings as to the contents of box number 4178. The majority's contention that a "person entitled to notice" under section 932.701(2)(e) is required to show standing for an adversarial probable cause hearing is not, in my view, supported by the statute.
What is more important, however, is that the appellant clearly waived any standing requirement at the beginning of the hearing, when it conceded that "a claimant has the absolute right, of course, to request an adversarial preliminary hearing." While I would agree with the majority that the requirements of being a "claimant" under the statute are more stringent than that of a "person entitled to notice," I disagree with *848 the majority's interpretation of the effect of the city's announcement quoted above. It is clear the parties were before the court on a request for a preliminary hearing. The only people in the courtroom aside from the city's attorney, their witnesses, and the judge, were appellee, Jacolyn Baruch, and her attorney, David Vinikoor. If the city sought to assert a standing requirement as to Ms. Baruch, it should have made that plain at the beginning, as opposed to the concession quoted above.
In summary, I would hold that the trial court correctly found no standing requirement and no probable cause as to box number 4178.
NOTES
[1] Jacolyn Baruch had no identification with her in court. She invoked the fifth amendment in response to the question, "How do we know that you're Jackie Baruch?," as well as to inquiries concerning whether she had an "ownership interest" in the box, whether she had rented the boxes, and whether she had ever been at Gault Ocean Intervault.
[2] The forfeiture statute characterizes money as a type of personal property which may be a "contraband article" subject to seizure. See § 932.701(2)(a)5, Fla. Stat. (1995).