ON MOTION FOB REHEARING

PER CURIAM.
We deny Sheriff Jenne’s motion for rehearing, but on consideration of the issues raised in the motion for clarification, we withdraw our previously issued opinion and substitute the following:
We affirm the dismissal of the sheriffs forfeiture petition for failure to hold the adversarial preliminary hearing within ten days of receipt of claimant’s request, or as soon as practicable thereafter, as required by section 932.703(2)(a), Fla.Stat. See generally Cochran v. Harris, 654 So.2d 969 (Fla. 4th DCA 1995).
In the final analysis, we believe that the determination of whether the hearing in this case was scheduled and held “as soon as practicable thereafter” was a question of fact for the trial judge and must be accorded deference on appeal. See generally Resort of Indian Spring, Inc. v. Indian Spring Country Club, Inc., 747 So.2d 974, 977 (Fla. 4th DCA 2000). The record supports the conclusion of the trial judge who noted that other measures could have been taken to schedule the hearing within the required time when it became apparent that the hearing could not be scheduled using the weekly forfeiture calendar provided by local administrative order.
STONE, KLEIN, and HAZOURI, JJ., concur.