857 So.2d 370 (2003)
Tony MURPHY, et al., Appellant,
v.
Kenneth W. FORTUNE Sheriff of Jefferson County, Appellee.
No. 1D01-3290.
District Court of Appeal of Florida, First District.
October 28, 2003.
Dennis E. Boothe, of Dennis E. Boothe, P.A., Tallahassee, for Appellant.
No appearance for Appellee.
HAWKES, J.
The facts of this forfeiture action are not contested. The Jefferson County Sheriff's Department seized $30,180.00 from Appellant, Tony Murphy, pursuant to section 932.703(2)(a), Florida Statutes (2000) (the Florida Contraband Forfeiture Act), during a traffic stop. Murphy was given a "Notice of Seizure" which advised him his money was seized by the Jefferson County Sheriff's Department, and it was necessary *371 to file a written request for a post-seizure adversarial hearing with the Sheriff's Department within fifteen days if he wished to contest the seizure of his money. This hearing was to determine whether probable cause existed to believe the currency was being used in violation of the Florida Contraband Forfeiture Act.
Complying with the instructions of the "Notice of Seizure," Murphy timely requested a hearing. However, not only did the Sheriff's Department fail to hold the hearing within the required time-period, it failed to notice the hearing or respond to Murphy's request in any way. After making several additional attempts to contest the forfeiture, Murphy filed a complaint seeking the return of his money. The Sheriff's Department filed a motion to dismiss the complaint, and an evidentiary hearing was held. At the conclusion of this hearing, the trial court entered an order making findings of fact and dismissing Murphy's complaint with prejudice.
On appeal, Murphy argues that, because he timely requested a post-seizure adversarial hearing, which the Sheriff's Department failed to notice and hold within ten days of his request, his due process rights were violated, and he is entitled to the return of his seized currency. Based on the uncontested record evidence and the trial court's findings made at the conclusion of the evidentiary hearing, we agree and reverse.
Florida law is clear. Once a post-seizure adversarial hearing is requested, the seizing agency must set and notice the hearing, and the hearing must be held within ten days after the request is received or as soon as practicable thereafter. See § 932.703(2)(a), Fla. Stat. Any exception to the rule that a post-seizure adversarial hearing must be held within ten days of the claimant's request, as contemplated by the language "or as soon as practicable thereafter," is limited to extraordinary circumstances. See Chuck v. Forfeiture of 380,015.00 in U.S. Currency, 27 Fla. L. Weekly D2140, ___ So.2d ___, 2002 WL 31159461 (Fla. 3d DCA Sept.30, 2002). The Florida Contraband Forfeiture Act does not authorize government entities to delay acting on a claimant's request for an adversarial hearing for reasons such as internal scheduling, agency, attorney, or officer workload, or agency or police procedures, which result in the court's inability to schedule a timely hearing. See Dep't of Highway Safety and Motor Vehicles v. Metiver, 684 So.2d 204 (Fla. 4th DCA 1996). Failure to recognize the government's burden would effectively neutralize the mandate that the hearing must be held within ten days of the request. See id. at 205.
An unreasonable delay between the claimant's request for a hearing and the hearing being held constitutes a denial of due process. See Crepage v. City of Lauderhill, 774 So.2d 61 (Fla. 4th DCA 2000); see also Cochran v. Harris, 654 So.2d 969 (Fla. 4th DCA 1995) (affirming dismissal of forfeiture proceedings due to 23-day delay between tenth day after request for hearing and date on which hearing could have occurred); Metiver, 684 So.2d at 206 (affirming order holding five-day delay between tenth day after claimant requested hearing on forfeiture and date on which hearing occurred did not comply with Florida Contraband Forfeiture Act requirements that hearing occur within ten days or as soon as practicable thereafter, and requiring State to return currency seized during traffic stop).
Forfeitures are not favored in law or equity, thus forfeiture statutes are strictly construed. See In re Forfeiture of 1993 Lexus ES 300, VIN: JT8VK13T9P0196573, 798 So.2d 8 (Fla. 1st *372 DCA 2001); Town of Oakland v. Mercer, 851 So.2d 266, 269 (Fla. 5th DCA 2003) (holding "[d]ue process mandates that the provisions of the forfeiture act be strictly interpreted in favor of the persons being deprived of their property."). Here, at the expiration of the ten days following Murphy's request for a hearing, the Sheriff's Department's lawful authority to retain the seized currency expired.
The fact that federal officials later sought to pursue forfeiture[1] is irrelevant. The Sheriff's Department advised Murphy his money was being seized pursuant to Florida law. Therefore, the Sheriff's Department was required to strictly comply with Florida law. They failed to do so. Their failure to act prior to the expiration of the applicable time period left them with only one optionto immediately return the money to Murphy. To hold otherwise would result in a denial of Murphy's right to due process. The trial court's order dismissing Murphy's complaint with prejudice is reversed, and the case remanded for the trial court to enter an order requiring the Jefferson County Sheriff's Department to return $30,180.00 in U.S. currency to Murphy.
REVERSED and REMANDED with instructions.
VAN NORTWICK, and PADOVANO, JJ., Concur.
NOTES
[1] The Sheriff's Department moved to dismiss Appellant's complaint on grounds that the trial court lacked jurisdiction, because the currency had been seized at the request of the United States Drug Enforcement Administration pursuant to federal law. However, federal proceedings were initiated only after the applicable time periods of Florida law had expired.