STONE, J.
We reverse a summary judgment dismissing Tiffany Clark from a forfeiture action under the Florida Contraband Forfeiture Act (“Act”), sections 932.701-932.704, Florida Statutes. The order determined that she had no rights to possession of $21,000 that she claimed as hers. *1259 The summary judgment is based on the trial court’s conclusion that her deposition testimony was not credible, not buttressed by supporting documents, and based solely on bare conclusions.
Jabour Dames, Clark’s fiancé, was the subject of a lengthy narcotics investigation that resulted in a large seizure of cocaine. The money was found in the glove compartment of the seized vehicle he was driving.
First named in Dames’ answer and affirmative defenses to the amended petition for probable cause, Clark was served with a subpoena duces tecum. She did not produce her tax returns at the deposition, claiming she had not been “told to bring them.” When asked if she would provide her returns for the last three years in the future, she said that she would. Her sworn testimony was that she was a dancer at a bar and lived with Dames. She had been dancing at the bar for five years; it was so lucrative that she paid the club for the privilege of working there. Her income was derived from cash payments by the patrons and the $21,000 was her savings. She put the cash in the vehicle for an appointment later that day. Clark was to meet with the owners of a house she and Dames wished to lease with an option to buy and for which they were going to pay six months rent, in cash, up front. The balance was to be used to furnish the place. She and Dames were going to meet later in the day, and she felt comfortable placing the money in his care.
Because forfeiture actions under the Act are harsh, the statute must be strictly construed. Fraser v. Dep’t of Highway Safety and Motor Vehicles, 727 So.2d 1021, 1024 (Fla. 4th DCA 1999). Nevertheless, it is clear that proprietary interest is required to establish adequate standing to oppose the forfeiture by joining in the proceeding and having the matter resolved by trial. City of Fort Lauderdale v. Baruch, 718 So.2d 843, 846 (Fla. 4th DCA 1998); Fraser.
A claimant “must come forward with sworn proof of a possessory and/or ownership interest” to acquire standing. Munoz v. City of Coral Gables, 695 So.2d 1283, 1288 (Fla. 3d DCA 1997). Bare assertions of ownership or mere statements, sworn or not, that “the money is mine,” are not enough to establish a bona fide interest in currency sufficient for a claimant to be heard. Id. Factors for the trial court to consider include, but are not limited to, physical possession of property and sources from which the money or other intangible property may have originated, such as employment, business ventures, loans, and gifts. Fraser, 727 So.2d at 1024-25.
Although the trial court may well have been free to reach its conclusions on this evidence following an evidentiary hearing, we conclude that the deposition raises sufficient issues of fact to preclude a summary judgment.
Here, the sworn deposition testimony is more than a simple empty assertion, regardless of whether it may not, ultimately, be believed. “[A] claimant should not have to prove his or her case to establish standing.” Vasquez v. State, 777 So.2d 1200, 1202 (Fla. 3d DCA 2001). See also Allen v. Combined Law Enforcement Against Narcotics (C.L.E.A.N.), 650 So.2d 144 (Fla. 2d DCA 1995) (reversing a final judgment of forfeiture on the ground that the trial court erred by deciding the ultimate issue of forfeiture, a matter within the province of the jury).
Further, Clark’s claim is not necessarily incredible. She claimed that she earned the $21,000 dancing, for cash, over the course of two years. Twenty thousand *1260 dollars is not an entirely outrageous amount of cash for a person to accumulate over time, and not everyone deposits their cash in a financial institution. We note that the appellees never rebutted Clark’s assertions. There is no evidence contrary to Clark’s assertions. Although her failure to produce tax returns may ultimately prove significant, at this stage, it is not proof of anything.
Therefore, drawing all inferences in favor of Clark, we cannot say that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Albelo v. Southern Bell, 682 So.2d 1126 (Fla. 4th DCA 1996). See In re Forfeiture of One 1988 BMW 7351, Unregistered, VIN WBAGB4319J3202661 and One Cellular Telephone, 561 So.2d 1235 (Fla. 4th DCA 1990).
Therefore, the summary judgment and the forfeiture are reversed and we remand for further proceedings.
GROSS, J., and SCOLA, JACQUELINE H., Associate Judge, concur.