COPE, J.
 

 This is an appeal of an order finding probable cause in a forfeiture proceeding.
 
 See
 
 Fla. R.App. P. 9.130(a)(3)(C)(ii). We conclude that the order must be reversed on account of the City’s delay in requesting an adversary probable cause hearing.
 

 Miami Beach police officers seized a 2005 Land Rover, cash, and jewelry pursuant to the Florida Contraband Forfeiture Act, sections 932.701-.706, Florida Statutes (2008). As required by the Act, the City of Miami Beach sent a notice to the appellants-claimants which advised them that they may request an adversarial preliminary hearing.
 
 See id.
 
 § 932.703(2)(a).
 

 Counsel for the claimants sent a written request to the City for an adversarial preliminary hearing. This request was received by the City on Tuesday, January 22, 2008.
 

 Under the Act, it is the responsibility of the seizing agency (in this case, the City) to “set and notice the hearing, which must held within 10 days after the request is received or as soon as practicable thereafter.”
 
 Id.
 
 The tenth day — the deadline for the hearing — was Friday, February 1, 2008.
 

 In this case, the City waited until January 30 — the eighth day — to file its request for adversarial preliminary hearing with the circuit court clerk. On the ninth day the City hand delivered a request for emergency hearing to the chambers of the judge. The City requested a thirty-minute specially set hearing, and requested that the hearing be held on or before Monday, February 4. Through a calendaring error, the City had calculated that Monday, February 4 was 'the tenth day.
 

 The trial judge’s chambers responded immediately and scheduled the hearing for Wednesday, February 6. The City explained at oral argument that the trial judge reserves time on each Wednesday’s calendar for forfeiture matters. Having received the request on Thursday, January 31, the judge set the hearing for the next available calendar, which was February 6. This was sixteen days after the claimants requested the hearing.
 

 The claimants’ counsel filed a motion to dismiss the forfeiture proceeding and requested return of the seized property. At
 
 *165
 
 the adversarial preliminary hearing, the claimants argued that the adversarial preliminary hearing was scheduled beyond the ten-day deadline because the City did not promptly request a hearing date. The City responded in substance that it had made the written request for hearing within ten days, and the trial court had set the matter on its next available calendar. The City contended that the scheduling in this case satisfied the “as soon as practicable thereafter” provision of the statute.
 

 The trial court denied the motion to dismiss but observed that appellate guidance regarding the required time frames would be helpful. The court took evidence and found probable cause to exist for the seizure. The claimants have appealed.
 

 “Forfeiture actions are harsh ex-actions and are generally not favored in either law or equity.”
 
 Byrom v. Gallagher,
 
 609 So.2d 24, 26 (Fla.1992). For that reason the Florida Supreme Court “has strictly construed the forfeiture statutes.”
 
 Id.
 

 Under the Act, a property owner is entitled to an adversarial preliminary hearing. If there is no probable cause for the seizure, then the owner is entitled to receive the property back.
 

 The hearing is to be held “within 10 days after the request is received [by the seizing agency] or as soon as practicable thereafter.” § 932.703(2)(a), Fla. Stat. (2008). We interpret this language to mean that the hearing must be held by the tenth day, unless there is good cause to go beyond the ten-day deadline. Our court has said, “These types of hearings, with legislatively mandated time periods, should be considered emergencies.”
 
 Chuck v. City of Homestead Police Dep’t.,
 
 888 So.2d 736, 754 (Fla. 3d DCA 2004). We have, however, said that where the seizing agency makes a prompt request for an adversarial preliminary hearing, but the delay in scheduling is attributable to the court (rather than the seizing agency), then the forfeiture action should not be dismissed for violation of the ten-day rule.
 
 Id.
 

 The Fourth District has explained:
 

 We do not construe the “as soon as practicable” wording in the statute as carte blanche authority for a seizing agency to cause a hearing to be set beyond the ten-day limit because the agency or its attorneys did not find it convenient to act sooner. Rather, that exception simply authorizes a setting court to schedule a hearing beyond the ten-day period in the event it is not practicable to set the hearing within the ten-day limit. We do not, however, construe the statute as authorizing the government entity to delay acting for reasons such as internal scheduling, agency, attorney, or officer workload, agency or police procedures, etc., which result in the court’s inability to schedule a timely hearing. We need not address whether there may be reasonable justifications for agency delay, because here there is no proffer that would excuse the agency’s failing to act in a timely manner.
 

 Clearly, if the statute is to be effective, the seizing entity must act within sufficient time to permit the court to schedule the requested hearing within the statutorily allotted ten-day period....
 

 [[Image here]]
 

 We recognize that the five-day delay in this case might, under other circumstances, be deemed insignificant. However, a forfeiture statute must be strictly construed.
 

 State Dept. of Highway Safety & Motor Vehicles v. Metiver,
 
 684 So.2d 204, 205-06 (Fla. 4th DCA 1996) (footnote and citation
 
 *166
 
 omitted);
 
 see also Cochran v. Harris,
 
 654 So.2d 969, 971 (Fla. 4th DCA 1995).
 

 The problem in this case is that the City-waited until the eighth day to file its request for adversarial preliminary hearing with the circuit court clerk, and waited until the ninth day to hand deliver the request for emergency hearing to the trial judge’s chambers. The trial court responded immediately by setting the case on its next forfeiture calendar, which was February 6.
 

 It is impermissible for the seizing agency to consume all or most of the ten-day period before making the request for a hearing. The magnitude of the delay made it a practical impossibility for the hearing to be held before the tenth day expired.
 

 The
 
 Chuck
 
 case provides a useful contrast. In that consolidated case, a claimant sent a request for an adversarial preliminary hearing which the City of Homestead received on November 27. The next day, the City filed its emergency request for an adversarial preliminary hearing.
 
 Chuck,
 
 888 So.2d at 740. In the companion case, a claimant provided a request for adversarial preliminary hearing to the Village of Pinecrest on June 25. The next day, the Village filed its forfeiture complaint and on June 28, its motion for emergency adversarial preliminary hearing.
 
 Id.
 
 at 741-42. The best practice is represented by the City of Homestead, which made its emergency hearing request within twenty-four hours.
 
 [1]
 

 in each forfeiture case, this phase of the litigation process is initiated when the seizing agency sends the potential claimants a notice of their right to request an adversarial preliminary hearing. The seizing agency should, therefore, be prepared to act quickly if a claimant responds by requesting a hearing.
 

 Under the facts of this case, the trial court has a calendar available each Wednesday for forfeiture hearings. Had the City made an emergency request for hearing within a day, or even two or three days, then the case could have been placed on the following Wednesday’s calendar (January 30), and the hearing would have been completed within the ten-day deadline.
 

 In summary, the seizing agency must promptly make its emergency request for hearing after receiving a claimant’s hearing request, so as to allow the court to schedule the hearing before the ten-day deadline. The ten-day deadline is to be exceeded only if there is good cause or if there is a showing of excusable neglect on the part of the seizing agency. However, neither good cause nor excusable neglect have been argued in this case.
 
 [2]
 

 In this case the City submitted its request so late that there was no practical prospect of holding the hearing before the ten-day deadline expired. That is true even if we accept the City’s calculation that the ten-day period started on January 23 instead of January 22.
 

 For the stated reasons, the order before us is reversed and the cause remanded
 
 *167
 
 with directions to dismiss the forfeiture action.
 

 [1]
 

 . It may be that in the Pinecrest case, the Village assumed that it needed to file the forfeiture complaint prior to making its motion for emergency adversarial hearing.
 

 However, as was apparently true in the City of Homestead case, and is true in the present case, the circuit court clerk accepted the request for adversarial preliminary hearing as the initial pleading in the forfeiture case.
 

 [2]
 

 . As stated previously, if the emergency request for hearing is made promptly, the fact that the court schedules the hearing after the ten-day deadline will not be held against the seizing agency.
 
 Chuck,
 
 888 So.2d at 754.