DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JESSIE WARREN,**
Appellant,

v.

**GREGORY TONY,** as Sheriff of Broward County,
Appellee.

No. 4D2024-0560

[April 9, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE23017575.

Jason H. Haber of Haber Blank, LLP, Fort Lauderdale, and Hunter Rhyne of Demesmin and Dover Law Firm, Fort Lauderdale, for appellant.

Christian Tsoubanos, Senior Assistant General Counsel, and Colin T. Hayes, Assistant General Counsel, Broward County Sheriff's Office, Fort Lauderdale, for appellee.

WARNER, J.

The Sheriff of Broward County filed a forfeiture action seeking possession of gold coins. The Sheriff did not notify appellant, who had found and possessed the coins before the Broward County Sheriff's Office ("BCSO") had taken the coins from him. After appellant moved to dismiss the action for lack of notice, the trial court entered a default and final judgment. We reverse, because, as a person "in possession of the property subject to forfeiture when seized," appellant was entitled to statutory notice pursuant to section 932.701(2)(e), Florida Statutes (2023), and entitled to request an adversarial hearing at the first stage of forfeiture proceedings.

Appellant is a day laborer who discovered 103 one-ounce gold Krugerrand coins secreted inside a wall when he was working on demolishing a condominium in Miami. Appellant had been told by the person who had hired him that he could keep whatever he found based on his understanding from the contractor. However, that person did not

know the gold coins were on the property, nor did that person own the condominium. BCSO could not identify the coins' owner or the specific condominium unit where the coins were found.

In 2015, BCSO took the property from appellant after appellant had tried to sell the coins to a pawn shop. BCSO did not take the property as a result of a forfeiture proceeding but claimed to be holding the property for safekeeping for the rightful owner. BCSO also took $4,722 in cash proceeds from the sale of some of the coins, and a gold chain and medallion purchased with proceeds from the sale of coins. Appellant was not arrested for, nor was he ever charged with, a crime related to the property.

Appellant later filed a replevin action. The trial court held a trial to determine if appellant was entitled to possession of the property as an owner. The court rejected appellant's claim to the property and entered judgment in favor of BCSO, finding that the property had not been abandoned but had been mislaid, and thus appellant had no ownership interest. Appellant appealed, and our court affirmed. *Warren v. Broward Cnty. Sheriff's Off.*, 351 So. 3d 1113 (Fla. 4th DCA 2022).

After the conclusion of the replevin appeal, and roughly eight years after BCSO took possession of the property, the Sheriff sought and obtained a probable cause determination from the trial court that probable cause existed for the forfeiture of the coins and jewelry. The Sheriff then filed a verified complaint for forfeiture under sections 932.701–.707, Florida Statutes (2023). The complaint detailed the history of how BCSO had taken the property, the efforts made by BCSO to ascertain the rightful owners of the property, and the course of appellant's replevin action. The complaint further alleged the Sheriff had reason to believe the property was contraband, demonstrating a nexus between the gold coins, gold chain with medallion, and U.S. currency, as the property was attempted or intended to be used either as proceeds from the sale of stolen property or funds in the purchase of same. The complaint requested the property be forfeited to BCSO.

A notice of forfeiture was published on two dates in September. No individual notice was given to appellant. After notice was published, the Sheriff moved for a default and a default was entered by the clerk of court.

Appellant moved to dismiss the forfeiture complaint with prejudice and to return the property to appellant, or in the alternative for an adversarial preliminary hearing. Appellant argued that the Sheriff did not file the forfeiture action within the time allowed by statute, which is forty-five days after seizure. *See* § 932.701(2)(c), Fla. Stat. (2015). Appellant claimed that

the action was filed approximately eight years after the seizure, because BCSO took the property in November 2015. Appellant also argued that he was entitled to notice of the forfeiture action and had a right to a preliminary hearing on the case pursuant to section 932.701(2)(e), Florida Statutes (2015), as "a person in possession of the property subject to forfeiture when seized." Appellant argued that his due process rights were violated, because he was deprived of notice of his right to an adversarial preliminary hearing.

Appellant also argued that the replevin action's determination, that he was not the property's owner, did not preclude him from contesting the forfeiture, because the forfeiture statutes allow a person to be entitled to notice based on mere possession. Additionally, appellant argued that the property was not contraband, contending that any theft proceeds were not considered contraband under the Forfeiture Act.

The Sheriff filed a response to the motion to dismiss. The Sheriff argued that: BCSO took the property from appellant for safekeeping; the Sheriff's complaint was filed within the time prescribed in section 932.701(2)(c); and appellant was not entitled to the notice prescribed in section 932.701(2)(e), as appellant's claim was barred by res judicata arising from the replevin action's determination.

After a non-evidentiary hearing, the trial court denied appellant's motion to dismiss. At the hearing, the court stated that the replevin action had already determined that appellant was not an "owner, claimant or otherwise." Therefore, appellant lacked standing in the forfeiture case.

The trial court then entered a default final order of forfeiture against appellant. This appeal follows.

## Analysis

A trial court's determination on a motion to dismiss is reviewed de novo. *Preudhomme v. Bailey*, 334 So. 3d 338, 340 (Fla. 4th DCA 2022). Whether a party has standing is also reviewed de novo. *Boyd v. Wells Fargo Bank, N.A.*, 143 So. 3d 1128, 1129 (Fla. 4th DCA 2014). "Questions of statutory interpretation are subject to de novo review." *Mendenhall v. State*, 48 So. 3d 740, 747 (Fla. 2010).

Forfeitures are not favored in law or equity; thus, forfeiture statutes must be strictly construed. *Cochran v. Harris*, 654 So. 2d 969, 971 (Fla. 4th DCA 1995). These proceedings are a two-stage process:

3

> The first stage is an adversarial preliminary hearing in which the seizing agency is required to establish probable cause that the property subject to forfeiture was used in violation of the Forfeiture Act. § 932.701(2)(f), Fla. Stat. The Forfeiture Act provides that when personal property is seized, **any "person entitled to notice" should receive notice of the right to a preliminary hearing within five days after the seizure and may make a request within fifteen days after receiving notice that the hearing be held.** § 932.703(2)(a), Fla. Stat. The Act defines "person entitled to notice" as "any owner, entity, bona fide lienholder, or person in possession of the property subject to forfeiture when seized, who is known to the seizing agency after a diligent search and inquiry." § 932.701(2)(e), Fla. Stat. The second stage is a forfeiture proceeding "in which the court or jury determines whether the subject property shall be forfeited." § 932.701(2)(g), Fla. Stat.

*Hudson v. City of Sunrise*, 237 So. 3d 1031, 1034 (Fla. 4th DCA 2018) (emphasis added) (quoting *Velez v. Miami-Dade Cnty. Police Dep't*, 934 So. 2d 1162, 1164 (Fla. 2006)); *see also* § 932.703(3)(a), Fla. Stat. (2023) ("Seizing agencies shall make a diligent effort to notify the person entitled to notice of the seizure. Notice provided by certified mail must be mailed within 5 working days after the seizure and must state that a person entitled to notice may request an adversarial preliminary hearing within 15 days after receiving such notice."); *Sanchez v. City of West Palm Beach*, 149 So. 3d 92, 95 (Fla. 4th DCA 2014).

At the seizure stage, the trial court must determine "whether there is probable cause to believe that the property has been used in violation of the Act." *In re Forfeiture of: $221,898 in U.S. Currency*, 106 So. 3d 47, 49 (Fla. 2d DCA 2013) (citation omitted). If probable cause exists, the matter then proceeds to a subsequently scheduled forfeiture proceeding, when "the court or jury determines whether the subject property shall be forfeited." *Velez*, 934 So. 2d at 1164 (quoting § 932.701(2)(g), Fla. Stat.).

The Legislature intended the Forfeiture Act "to include those merely in possession of the property at the time of seizure within the class of persons entitled to contest the seizure at the adversarial preliminary hearing." *Id.* The Act provides that the "person entitled to notice" must be notified of the right to an adversarial preliminary hearing and is authorized to request such a hearing. *Id.* at 1165 (citation omitted). "This combination of a requirement of notification of the right to the adversarial preliminary hearing and the right to request the hearing indicates that the Legislature

4

intended that the 'person entitled to notice' have an opportunity to participate in that hearing." *Id.*

Appellant claimed standing as a "person entitled to notice" pursuant to section 932.701(2)(e), Florida Statutes (2023), because he was the person "in possession of the property subject to forfeiture when seized." And as a person entitled to notice he was also entitled to request an adversarial hearing at the first stage of forfeiture. *See* § 932.703(3)(a), Fla. Stat. (2023); *Chuck v. City of Homestead Police Dep't*, 888 So. 2d 736, 745 (Fla. 3d DCA 2004) (stating that the notice to a "person entitled to notice" is "statutorily mandated").

A person entitled to notice need not demonstrate a proprietary interest in the property at issue but only that he or she possessed the property when it was seized. *City of Fort Lauderdale v. Baruch*, 718 So. 2d 843, 846 (Fla. 4th DCA 1998); *see also Zarcadoolas v. Tony*, 353 So. 3d 638, 647 (Fla. 4th DCA 2023) ("At the probable cause stage, a person can show standing by establishing only that he or she possessed the property at the time it was seized; no proof of an ownership interest is required . . . [and that person] may request an adversarial hearing to determine whether probable cause exists." (citations omitted)). Thus, we find appellant's replevin action does not preclude him from having standing at the preliminary probable cause adversarial hearing.

With respect to the notice requirement at the probable cause forfeiture stage, our court has noted:

> It is in the interest of a seizing agency to aggressively notice all potential claimants, to cast a wide net for "persons entitled to notice" under the statute, since a later finding of a lack of diligence would vitiate the entire forfeiture proceeding. Any interpretation of the statute which permitted a seizing agency to tiptoe around the notice requirement would eviscerate the statutory intent to provide a speedy preliminary hearing and would run afoul of the procedural due process requirement of Article I, Section 9, of the Florida Constitution.

*Baruch*, 718 So. 2d at 846.

The Sheriff contends that appellant was not a person entitled to notice pursuant to the statute because appellant was not in possession of the coins at the time they were "seized" for forfeiture. The Sheriff argues that the property was not "seized" from appellant in 2015, but rather the "seizure" occurred after the replevin action when the true owners could

5

not be found.  Thus, the Sheriff argues, because BCSO possessed the property in 2023, when the Sheriff had sought the ex parte probable cause determination, appellant had not been entitled to notice.  We reject the Sheriff's argument.

The term "seized" is not defined in the forfeiture statutes.  However, the plain and ordinary definition of "seized" is "to take possession of: confiscate."  *Seize*, Merriam-Webster, https://www.merriam-webster.com/dictionary/seize (last visited March 14, 2025); *see also Tsuji v. Fleet*, 366 So. 3d 1020, 1028 (Fla. 2023) (stating that when a statutory term is not defined, our courts give the term its "plain and ordinary meaning" and often look to dictionary definitions for meaning).  Moreover, in applying the Fourth Amendment, the Supreme Court has stated, "[a] 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property."  *U.S. v. Jacobsen*, 466 U.S. 109, 113 (1984); *see also Lindo v. State*, 983 So. 2d 672, 675 (Fla. 4th DCA 2008).  We conclude that BCSO interfered with appellant's possessory interest, and therefore seized the property, when BCSO took the property from appellant.

As the person in possession of the property when it was seized, appellant fit the statutory definition of a "person entitled to notice."  *Cf. Baruch*, 718 So. 2d at 847 (finding that a person's bare assertion of an "interest" in money seized from a safety deposit box was insufficient to bring her within the statutory definition of "person entitled to notice" under the forfeiture statute, and, thus, she lacked standing to litigate the issue of probable cause at an adversarial preliminary hearing).  Unfortunately, in this case, the Sheriff "tiptoe[d] around the notice requirement."  *See id.*

The Sheriff also argues, and the trial court apparently agreed, that the replevin action meant appellant lacked standing, because he had no ownership interest in the property.  Ownership, however, is an issue to be determined in the forfeiture proceeding's second stage when appellant would have to show standing as a "claimant."  *See* § 932.701(2)(h), Fla. Stat. (2015) ("'Claimant' means any party who has proprietary interest in property subject to forfeiture and has standing to challenge such forfeiture, including owners, registered owners, bona fide lienholders, and titleholders."); *Baruch*, 718 So. 2d at 846 (emphasis added) ("[The] showing of standing required of a 'person entitled to notice' is less stringent than that required of a 'claimant' at a forfeiture hearing . . . . **A 'person entitled to notice' need not demonstrate a proprietary interest in the property at issue, but only that he was 'in possession' of the property when it was seized**.").

## Conclusion

Appellant was in possession of the property subject to the forfeiture proceedings when it was taken from him, i.e. "seized," by BCSO in 2015. Therefore, pursuant to section 932.701(2)(e), he was a person entitled to notice of the forfeiture proceedings and, pursuant to section 932.703(3)(a), he has standing to request a preliminary adversarial hearing. Because the Sheriff failed to provide such notice, we reverse the order of default and final judgment. We remand for further proceedings. We do not consider the remaining issues raised, as the trial court did not rule on those issues.

*Reversed and remanded.*

KLINGENSMITH, C.J., and FORST, J., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***