QUINCE, J.
We have for review a decision on the following question certified by the First District Court of Appeal to be of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
Foresta v. State, 751 So.2d 738 (Fla. 1st DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons set forth in Grant v. State, 770 So.2d 655 (Fla.2000), and State v. Cotton, 769 So.2d 345 (Fla.2000), we answer the certified question in the negative.
The First District also certified conflict with the Fourth District Court of Appeal’s decision in State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999), approved, 802 So.2d 276 (Fla.2001), on the issue of whether the Prison Releasee Reoffender Punishment Act is applicable to a conviction for burglary of an unoccupied dwelling. We have jurisdiction to review this issue as well. See art. V, § 3(b)(4), Fla. Const. On this issue, we quash the decision of the First District and remand for reconsideration upon application of our de *385 cision in State v. Huggins, 802 So.2d 276 (Fla.2001).
It is so ordered.
SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur.
LEWIS, J., concurs in part and dissents in part with an opinion, in which WELLS, C.J., concurs.