845 So.2d 914 (2003)
OFFICE OF THE STATE ATTORNEY, on behalf of the Members of the South Florida Impact Task Force, Appellant,
v.
Adolfo JIMENEZ, Appellee.
No. 3D01-3468.
District Court of Appeal of Florida, Third District.
March 19, 2003.
Rehearing and Rehearing Denied May 28, 2003.
*915 Katherine Fernandez Rundle, State Attorney and Steven Ellison, Assistant State Attorney; and Robert S. Glazier, for appellant.
Ricardo R. Corona, for appellee.
Before JORGENSON, GERSTEN, and GODERICH, JJ.
Rehearing and Rehearing En Banc Denied May 28, 2003.
PER CURIAM.
Appellant, the State of Florida ("State"), appeals an adverse order finding that the appellee, Adolpho Jimenez ("Jimenez"), has standing in a civil forfeiture proceeding to contest the seizure of $200,000 in U.S. currency.[1] We affirm.
On December 7, 2000, pursuant to an ongoing money laundering/illegal drug investigation, officers conducted surveillance at a motel. The officers observed Carlos Sakazaki ("Sakazaki") drive from the motel, into a parking lot and park his car next to Luis Tocuyo ("Tocuyo"), an employee of Jimenez. Tocuyo exited his vehicle, had a brief conversation with Sakazaki and placed a suitcase into Sakazaki's back seat. Tocuyo then re-entered his car and drove *916 off with his passenger, Rodolfo Sanz ("Sanz").
Police investigators separately followed both parties and subsequently pulled over Sakazaki. Sakazaki consented to a search and a trained K-9 police dog alerted to the suitcase in the back seat of his car. The consensual search revealed approximately $200,000 in U.S. currency. Sakazaki swore the money did not belong to him and that he was unaware of the source of the money.
Tocuyo and Sanz were separately approached by surveillance officers and informed that the police were conducting a money laundering and illegal drug investigation. The officers received consent from Tocuyo to search his residence and seized additional contraband/currency. Tocuyo and Sanz both disclaimed any ownership interest in the currency seized. Tocuyo told the investigators that he delivered the suitcase to Sakazaki at the instruction of Jimenez.[2]
The State filed a forfeiture action in rem which included the $200,000 of seized currency. Notice of the forfeiture proceedings was provided to Jimenez, Tocuyo, Sanz and Sakazaki. On April 18, 2001, Jimenez filed an answer to the petition for forfeiture making a claim for the $200,000. The State filed a motion to strike the answer alleging that Jimenez had not previously made a claim for the $200,000; that he was not in possession of the money when it was seized; and that he did not have standing to contest the forfeiture. Jimenez filed an amended answer and a sworn affidavit.
In the amended answer, Jimenez stated that he was a cattle rancher in Latin America and he purchased cattle in Venezuela for $300,000. He stated that he arranged to pay the seller $100,000 in local currency in Venezuela and the balance of $200,000 in U.S. currency in Miami. Jimenez stated that his employee, Tocuyo delivered a suitcase containing the $200,000 to the seller's representative, Sakazaki. Jimenez explained that he did not claim the $200,000 at first because he had paid the money to settle a debt and he believed that the $200,000 had been credited to the amount he owed. He later learned that the seller had not credited him for the funds or released the claim of lien for the purchase of the cattle, so he then made a claim for a return of the money.
The trial court held a hearing on the motion to strike and found that Jimenez had standing to contest the forfeiture of the $200,000. The State alleges on appeal that Jimenez only established that he is the former owner and therefore lacks standing to contest the forfeiture. We disagree.
To establish standing, a claimant must demonstrate ownership, or an ownership interest, in the property which has been seized. Gonzalez v. City of Homestead, 825 So.2d 1050 (Fla. 3d DCA 2002); Vasquez v. State, 777 So.2d 1200 (Fla. 3d DCA 2001); Munoz v. City of Coral Gables, 695 So.2d 1283 (Fla. 3d DCA 1997). In order to demonstrate such an ownership interest, a claimant must provide a sworn statement setting forth the factual basis of the claim. Id. The claimant need not prove the merits of his claim but he must prove a facially colorable interest in the seized property. Vasquez, 777 So.2d at 1202; United States v. $515,060.42 in United States Currency, 152 F.3d 491 (6th Cir.1998). An ownership interest may be evidenced for standing purposes in a number of ways including actual possession, *917 control, title or financial stake. United States v. One 1945 Douglas C-54 (DC-4) Aircraft, 647 F.2d 864 (8th Cir.1981).
The mere assertion of ownership over the res, without more is insufficient to establish standing. Standing is established where the mere assertion is coupled with an admission by the government that the claimant has a relationship to the seized property. United States v. $8,221,877.16 in United States Currency, 148 F.Supp.2d 427 (D.N.J.2001); United States v. Forfeiture, Stop Six Center, Located at 3340 Stallcup, Fort Worth Tex., 794 F.Supp. 626 (N.D.Tex.1992).
In the instant case, Jimenez filed a sworn affidavit setting forth the factual basis for his ownership claim. He claimed that he was a cattle rancher in Venezuela and he had entered into a deal to purchase cattle for $300,000. He further claimed that he asked his employee, Tocuyo to deliver a suitcase with $200,000 of the money owed to the seller in Miami. Finally, he contends that the seller did not credit him with the delivery of the currency. Jimenez's affidavit alleges an ownership interest evidenced by title and financial stake. The forfeiture complaint is consistent with this version of events.
In the complaint, the State alleged that Tocoyo was observed delivering the suitcase to Sakazaki. The State further alleged that Tocuyo recounted that he worked for Jimenez and that "Jimenez had called him to inform him some luggage that was at the house had to be delivered to this gentleman." As such, the State admitted Jimenez's relationship to the currency. See United States v. $38,570 U.S. Currency, 950 F.2d 1108 (5th Cir. 1992)(claim of ownership, coupled with government's allegations of claimant's involvement with seized res sufficient to establish standing).
The State tries to overcome this argument by suggesting that once the money left the hands of Jimenez's employee, Jimenez no longer had title and was no longer the owner. While this might well be a plausible argument on the merits, the State has not submitted any evidence to support their claim. Just as a claimant must submit sworn proof of ownership, the seizing agent must also submit an affidavit setting forth the facts which refute the claim of ownership. Gonzalez, 825 So.2d at 1052.
The State never offered an affidavit or any other evidence setting forth facts in order to refute Jimenez's claim of ownership. There was no evidence that Sakazaki was the seller's representative or that title to the money passed with the delivery of the suitcase. The men observed completing the transaction all denied ownership and admitted they had no standing to challenge the forfeiture proceeding. No other claimant or alleged owner, such as the seller, has come forward making a claim for this currency. Jimenez's sworn affidavit and the facts alleged in the complaint are consistent on the issue of ownership and are not refuted.
"Where a person's property is the object of a forfeiture action, the owner is entitled to an opportunity to litigate the case on the merits. The inquiry on standing is simply to determine whether the claimant has shown an ownership interest such that he is entitled to be heard in the forfeiture proceeding." Gonzalez, 825 So.2d at 1053.
Jimenez has demonstrated an ownership interest sufficient enough to confer standing to be heard in the forfeiture proceeding. Accordingly, we affirm the order below.
Affirmed.
NOTES
[1] Other contraband/currency was found pursuant to the police's investigation and was part of the state's petition for forfeiture. However, only $200,000 in currency is subject to this appeal.
[2] Tocuyo further stated that he did not know there was money in the suitcase or who that money belonged to.