881 So.2d 1190 (2004)
Walter VELEZ, Appellant,
v.
MIAMI-DADE COUNTY POLICE DEPARTMENT, Appellee.
No. 3D03-1535.
District Court of Appeal of Florida, Third District.
September 15, 2004.
*1191 Paul Morris; Robert A. Rosenblatt, Miami, for appellant.
Roberto E. Fiallo and Robert Knabe, for appellee.
Before FLETCHER, RAMIREZ, and SHEPHERD, JJ.
SHEPHERD, J.
This is an appeal from an order denying appellant, Walter Velez, standing to contest the forfeiture of $489,880 in cash seized from a vehicle being driven by Velez in Miami-Dade County. The facts of the case are not seriously disputed.
On December 12, 2002, Walter Velez (Velez) was stopped for a routine traffic infraction by a Miami-Dade police officer. Velez presented a drivers license and vehicle registration in his name. A records check revealed that Velez also had a suspended license in the name of Walter Dario Agudelo, which raised the officers suspicion. A suitcase in the rear seat of the vehicle was in plain view. When questioned, Velez said the suitcase merely contained clothing. He gave a verbal and written consent to a search. As it turned out, the suitcase contained four hundred eighty-nine thousand eight hundred eighty dollars ($489,880.00), mostly in twenty dollar bills, secured in quick count bundles with rubber bands. Velez then said the money did not belong to him but had been given to him by a person he did not know. Another records check revealed that neither Velez nor his front-seat passenger (who also denied any relationship to the cash) were licensed as money transmitters, as required by the Florida Department of Banking and Finance;[1] nor were there any filings of a Currency Transaction Report or IRS Form 8300 regarding the monies. The police seized the money for forfeiture.
On December 27, 2002, Velez requested an adversarial preliminary hearing under section 932.703(2)(a) of the Florida Contraband Forfeiture Act (the Act) [§§ 932.701-07 Fla. Stat. (2003)]. The hearing was held on January 6, 2003. Velez was not personally present, but rather appeared through *1192 counsel. There was no evidence offered by Velez to support an ownership or possessory interest in the seized currency. Munoz v. City of Coral Gables, 695 So.2d 1283, 1288 (Fla. 3d DCA 1997) (party desiring to challenge probable cause at preliminary hearing must offer "sworn proof of a possessory and/or ownership interest" in seized property). Rather, when queried by the court as to whether he had anything to substantiate his client's standing to contest the seizure of the money, Velez' counsel argued that because it was admitted in the sworn complaint in the action that the money was in Velez' possession at the time of the seizure, he was a person entitled to notice as defined by § 932.701(9)(e), Fla. Stat. and therefore had standing to participate. Id. The trial judge disagreed, relying upon this court's decision in Vasquez v. State, 777 So.2d 1200 (Fla. 3d DCA 2001), and concluded that probable cause existed to seize the monies based on allegations made in the sworn complaint. We affirm.
Under controlling precedent in this district, "a claimant to seized currency must come forward with sworn proof of a possessory and/or ownership interest in the same to acquire standing to contest the forfeiture proceeding." Id. at 1202. We have further stated that standing to participate in an adversarial preliminary hearing is "a preliminary issue for the court" on which "the claimant must provide a sworn statement setting forth the factual basis of the claim." Gonzalez v. City of Homestead, 825 So.2d 1050, 1052 (Fla. 3d DCA 2002) ("The oath serves as a cautionary device and, in a case of a false statement, a possible predicate for a perjury prosecution.") Thus, it is clear where standing is at issue at the outset of an adversarial preliminary hearing, that the claimant may not simply fall back on the allegations of the seizing authority. See Office of the State Attorney v. Jimenez, 845 So.2d 914 (Fla. 3d DCA 2003) (holding that a sworn affidavit by claimant, which was consistent with facts alleged in the forfeiture complaint, sufficient to demonstrate required ownership interest). On the other hand, where the claimant comes forth with sworn proof sufficient to create an issue on the question of standing, we have concluded that "the better procedure is to hold an evidentiary hearing." Vasquez, 777 So.2d at 1202.
In the instant case, Velez came forward with no sworn proof on the question of standing. Thus, the trial court properly denied Velez the opportunity to participate at the adversarial preliminary hearing. In so holding, however, we recognize that our decision directly conflicts with our sister courts holdings in City of Fort Lauderdale v. Baruch, 718 So.2d 843 (Fla. 4th DCA 1998) ("A `person entitled to notice' need not demonstrate a proprietary interest in the property at issue, but only that he was `in possession' of the property when it was seized") and Jean-Louis v. Forfeiture of $203,595.00 in U.S. Currency, 767 So.2d 595, 598 (Fla. 4th DCA 2000) (holding that "appellants have standing in the preliminary hearing, as at the very least, they were in possession of the money at the time of its seizure"). Accordingly, pursuant to Art. 5, § 3(b)(4) of the Florida Constitution, we certify conflict between the Third District and Fourth District Courts of Appeal on the following:
DOES A PERSON IN MERE POSSESSION OF PROPERTY AT THE TIME OF SEIZURE HAVE STANDING AT AN ADVERSARIAL PRELIMINARY HEARING TO CHALLENGE THE SEIZURE WITHOUT SHOWING A PROPRIETARY INTEREST IN THE PROPERTY?
We affirm and certify the above conflict.
NOTES
[1] See § 560.123 Fla. Stat. (2004).