COPE, C.J.
The question before us is whether an order establishing that a claimant in a forfeiture proceeding has standing is an appealable order. We conclude it is not.
Appellee Wayne Chuck is a claimant in a forfeiture proceeding. On remand from this court’s decision in Chuck v. City of Homestead Police Department, 888 So.2d 736 (Fla. 3d DCA 2004) (en banc), the trial court conducted an evidentiary hearing and entered an order finding that Chuck had preliminarily established standing to participate in the forfeiture proceeding. The City of Homestead Police Department (“City”) has appealed the trial court’s order.
An order determining standing is not an appealable non-final order enumerated within Florida Rule of Appellate Procedure 9.130. The City argues, however, that precedent for the appeal is found in this court’s decision in Office of State Attorney v. Jimenez, 845 So.2d 914 (Fla. 3d DCA 2003). In that case, this court entertained an appeal of an order finding that the claimant in that case had standing in a civil forfeiture proceeding. See id. at 915.
We conclude that the cited decision is not authority on the issue of appealability. The opinion nowhere indicates that the question of the appealability of the order was raised or considered. See Askew v. Sonson, 409 So.2d 7, 8 (Fla.1981). By *928 contrast, in the present case the question of the appealability of the order has been raised by this court sua sponte and has been addressed by the parties.
We conclude that the order is not appealable and dismiss the appeal. This ruling is without prejudice to the City to raise the issue on appeal from the final judgment in the case. Treating the appeal as a petition for writ of certiorari, certiora-ri is denied because the City has an adequate remedy by way of appeal at the conclusion of the case.
Appeal dismissed.