934 So.2d 1162 (2006)
Walter VELEZ, Petitioner,
v.
MIAMI-DADE COUNTY POLICE DEPARTMENT, Respondent.
No. SC04-1944.
Supreme Court of Florida.
June 22, 2006.
Paul Morris, Miami, FL, and Robert A. Rosenblatt, Pinecrest, FL, for Petitioner.
Roberto Elpidio Fiallo and Robert Knabe, Miami, FL, for Respondent.
BELL, J.
This case concerns the breadth of the class of persons that have standing to contest *1163 probable cause at a postseizure, adversarial probable cause hearing under the Florida Contraband Forfeiture Act.[1] We review Velez v. Miami-Dade County Police Department, 881 So.2d 1190 (Fla. 3d DCA 2004), in which the Third District Court of Appeal certified conflict with the decisions of the Fourth District Court of Appeal in City of Fort Lauderdale v. Baruch, 718 So.2d 843 (Fla. 4th DCA 1998), and Jean-Louis v. Forfeiture of $203,595.00 in U.S. Currency, 767 So.2d 595 (Fla. 4th DCA 2000).[2]
In addition to certifying conflict, the Third District specified the conflict issue as follows:
DOES A PERSON IN MERE POSSESSION OF PROPERTY AT THE TIME OF SEIZURE HAVE STANDING AT AN ADVERSARIAL PRELIMINARY HEARING TO CHALLENGE THE SEIZURE WITHOUT SHOWING A PROPRIETARY INTEREST IN THE PROPERTY?
Velez, 881 So.2d at 1192. The Third District answers this question in the negative. The Fourth District answers it in the affirmative.
We approve the decisions of the Fourth District in Baruch and Jean-Louis. For the reasons set forth below, we hold that the Forfeiture Act gives a person in possession of the property at the time of seizure standing to participate in the adversarial preliminary hearing without showing a proprietary interest in the property. In light of this resolution, we quash the decision of the Third District in Velez and remand to the district court for proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
A Miami-Dade police officer stopped Velez for a traffic infraction. The officer asked Velez about a suitcase in plain view on the rear seat of the vehicle. Velez said the suitcase contained only clothing and gave consent for a search. The suitcase yielded $489,880 in currency, mostly in $20 bills secured in bundles. Velez told the officer that the money did not belong to him but had been given to him by a person he did not know. Fifteen days after the seizure, Velez requested an adversarial preliminary hearing under section 932.703(2)(a), Florida Statutes (2002). Velez did not attend the scheduled hearing. Velez's counsel asserted that because the officer's sworn complaint reflected that the money was in Velez's possession at the time of the seizure, he was a "person entitled to notice" under section 932.701(2)(e) and therefore had standing to contest the seizure at an adversarial preliminary hearing under section 932.703(2)(a). The trial court disagreed, denied Velez standing to participate in the hearing pursuant to Vasquez v. State, 777 So.2d 1200 (Fla. 3d DCA 2001), and concluded that probable cause existed to seize the currency based on the allegations in the sworn complaint.
The Third District affirmed, relying on its holding in Vasquez that "a claimant to seized currency must come forward with sworn proof of a possessory and/or ownership interest in the same to acquire standing to contest the forfeiture proceeding." Velez, 881 So.2d at 1192 (quoting Vasquez, 777 So.2d at 1202). However, the Third District recognized that its holding directly *1164 conflicted with the Fourth District's holdings in Baruch, 718 So.2d at 846 (holding that "[a] `person entitled to notice' need not demonstrate a proprietary interest in the property at issue"), and Jean-Louis, 767 So.2d at 598 (holding that "appellants have standing in the adversarial preliminary hearing, as at the very least, they were in possession of the money at the time of its seizure"). We granted review based on certified conflict of decisions.

THE FORFEITURE ACT
Forfeiture proceedings in Florida are a two-stage process. The first stage is an adversarial preliminary hearing in which the seizing agency is required to establish probable cause that the property subject to forfeiture was used in violation of the Forfeiture Act. § 932.701(2)(f), Fla. Stat. The Forfeiture Act provides that when personal property is seized, any "person entitled to notice" should receive notice of the right to a preliminary hearing within five days after the seizure and may make a request within fifteen days after receiving notice that the hearing be held. § 932.703(2)(a), Fla. Stat. The Act defines "person entitled to notice" as "any owner, entity, bona fide lienholder, or person in possession of the property subject to forfeiture when seized, who is known to the seizing agency after a diligent search and inquiry." § 932.701(2)(e), Fla. Stat. The second stage is a forfeiture proceeding "in which the court or jury determines whether the subject property shall be forfeited." § 932.701(2)(g), Fla. Stat. At the forfeiture proceeding, the court "shall" order the seized property forfeited to the seizing agency "[u]pon clear and convincing evidence that the contraband article was being used in violation" of the Forfeiture Act. § 932.704(8), Fla. Stat. (2002). The person contesting the forfeiture in the second stage is identified in section 932.704 as a "claimant." The class of persons who are claimants is narrower than those entitled to notice of the adversarial preliminary hearing. A claimant is defined in section 932.701(2)(h) as "any party who has proprietary interest in property subject to forfeiture and has standing to challenge such forfeiture, including owners, registered owners, bona fide lienholders, and titleholders."

ANALYSIS
Our resolution of the conflict question requires the interpretation of the term "person entitled to notice" as that term relates to other pertinent provisions of the Forfeiture Act. The standard of appellate review on such issues is de novo. B.Y. v. Dep't of Children & Families, 887 So.2d 1253, 1255 (Fla.2004). As explained below, our interpretation of the Forfeiture Act is that the Legislature intended to include those merely in possession of the property at the time of seizure within the class of persons entitled to contest the seizure at the adversarial preliminary hearing. Consequently, we resolve the certified conflict by holding that a person in possession of the property subject to forfeiture at the time of the seizure has the right to participate in the adversarial preliminary hearing on probable cause.
"As this Court has often repeated, `[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning . . . the statute must be given its plain and obvious meaning.' "Fla. Dep't of Revenue v. New Sea Escape Cruises, Ltd., 894 So.2d 954, 960 (Fla.2005) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)). Further, we are "without power to construe an unambiguous statute in a *1165 way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power." McLaughlin v. State 721 So.2d 1170, 1172 (Fla.1998) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)). A related principle is that when a court interprets a statute, it "must give full effect to all statutory provisions." Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992). Courts should "avoid readings that would render part of a statute meaningless." Unruh v. State, 669 So.2d 242, 245 (Fla.1996) (quoting Forsythe, 604 So.2d at 456).
The Forfeiture Act includes a "person in possession of the property . . . when seized" within the class of persons entitled to be notified of the right to request a postseizure, adversarial probable cause hearing. Specifically, the Forfeiture Act first defines a "person entitled to notice" as "any owner, entity, bona fide lienholder, or person in possession of the property subject to forfeiture when seized, who is known to the seizing agency after a diligent search and inquiry." § 932.701(2)(e), Fla. Stat. (emphasis added). It then provides that a "person entitled to notice" must be notified that there is a right to an adversarial preliminary hearing to determine whether probable cause exists for the seizure and is authorized to request such a hearing. § 932.703(2)(a), Fla. Stat. This combination of a requirement of notification of the right to the adversarial preliminary hearing and the right to request the hearing indicates that the Legislature intended that the "person entitled to notice" have an opportunity to participate in that hearing.
The Third District construes the Forfeiture Act as granting standing at the preliminary hearing only to one who can demonstrate an interest sufficient to satisfy the court of the party's standing as a "claimant." This limitation on standing at this preliminary proceeding is contrary to the plain meaning of section 932.701(2)(e) and would effectively negate the language therein that brings a "person in possession of property subject to forfeiture when seized" within the definition of a "person entitled to notice." To give effect to the plain meaning of section 932.701(2)(e) and to avoid rendering part of that provision ineffectual, a person in possession of the property at the time of seizure must be granted standing at the adversarial preliminary hearing.
This reading of the Act to include persons in mere possession of the seized property as being entitled to standing at the adversarial preliminary hearing is consistent with amendments to the Act made to conform it with an earlier due process decision from this Court. In 1991, this Court held that due process requires that all "potential" claimants of seized property receive notice and an opportunity to be heard in an adversarial proceeding. See Dep't of Law Enforcement v. Real Prop., 588 So.2d 957, 966 (Fla.1991). During the next legislative session after this decision, the Forfeiture Act was amended to create both the adversarial preliminary hearing and a category of "person entitled to notice" who must be notified of the right to the hearing. See ch. 92-54, §§ 1, 3, Laws of Fla. As amended, the Forfeiture Act extends to potential claimants, including those who were in possession of property when it was seized, the notice required by the decision in Real Property. On this point, the Fourth District has noted:
It is in the interest of a seizing agency to aggressively notice all potential claimants, *1166 to cast a wide net for "persons entitled to notice" under the statute, since a later finding of a lack of diligence would vitiate the entire forfeiture proceeding. Any interpretation of the statute which permitted a seizing agency to tiptoe around the notice requirement would eviscerate the statutory intent to provide a speedy preliminary hearing and would run afoul of the procedural due process requirement of Article I, Section 9, of the Florida Constitution.
Baruch, 718 So.2d at 846.
Further, in using the term "adversarial," the statute contemplates that the preliminary hearing would involve opposing parties.[3] If persons who were merely in possession of the property when it was seized are "entitled to notice" but uniformly denied standing at the preliminary hearing, the resulting hearing might be less than adversarial. Indeed, this hearing would in many cases effectively be an ex parte proceeding, satisfying one of the due process requirements, notice, but not the other, the opportunity to be heard.
The distinction between a "person entitled to notice" and one who is a "claimant" is inherent in, if not essential to, the two-stage process of the Forfeiture Act. In the first stage, the adversarial preliminary hearing, the seizing agency bears the burden of establishing "probable cause that the property subject to forfeiture was used in violation of the [Forfeiture Act]." § 932.701(2)(f), Fla. Stat. Permitting the broadest class of persons with a potential interest in the seized property to participate at this initial hearing is appropriate because only the issue of probable cause for the seizure is addressed. No interest in the property is actually forfeited to the seizing agency at this stage. The second stage, the forfeiture proceeding, actually "determines whether the subject property shall be forfeited." § 932.701(2)(g), Fla. Stat. At this second stage, the decision is made as to whether the proprietary interest of a claimantan owner, registered owner, bona fide lienholder, or titleholderwill be extinguished in favor of the seizing agency. To establish status as a "claimant" with standing to contest forfeiture in this second stage, a person must demonstrate that he or she has "a proprietary interest in property subject to forfeiture." § 932.701(2)(h), Fla. Stat. Thus, the different criteria for persons entitled to notice and claimants correspond to the different determinations to be made in adversarial preliminary hearings and forfeiture hearings.
Moreover, "because forfeiture actions are considered harsh extractions, this Court has long followed a policy of strictly construing forfeiture statutes." DeGregorio v. Balkwill, 853 So.2d 371, 373 (Fla. 2003); see also Real Property, 588 So.2d at 961. Any ambiguity in a forfeiture statute must be construed against forfeiture. DeGregorio, 853 So.2d at 373. Requiring a "person entitled to notice" to also demonstrate his status as a claimant in order to participate in the adversarial preliminary hearing is contrary to this principle of strict construction.
Accordingly, we conclude that under the Forfeiture Act a person in possession of the property subject to forfeiture at the time of the seizure has standing at an adversarial preliminary hearing to challenge probable cause for the seizure and is *1167 not required to also show a proprietary interest in the property.

CONCLUSION
We quash the decision of the Third District Court of Appeal in Velez holding that a person in possession of property at the time of seizure must show a proprietary interest in the property in order to gain standing to challenge the seizure in an adversarial preliminary hearing. Based on this holding, we remand to the district court for proceedings consistent with this opinion. We approve the decisions of the Fourth District Court of Appeal in Baruch and Jean-Louis.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, and CANTERO, JJ., concur.
NOTES
[1] Hereinafter "Forfeiture Act." The Forfeiture Act spans sections 932.701-.707, Florida Statutes (2002).
[2] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
[3] Black's Law Dictionary 58 (8th ed. 2004), defines an adversary proceeding as "[a] hearing involving a dispute between opposing parties."