VILLANTI, Judge.
State Farm Mutual Automobile Insurance Company appeals the final order denying its motion for new trial following a jury verdict in favor of State Farm’s insureds, Melanie and Carl Lawrence, on their claim for uninsured motorist benefits. State Farm sought a new trial or, in the alternative, juror interviews based on the alleged failure of three jurors to disclose their personal automobile insurance claims histories during voir dire. State Farm argued that Insurance Services Organization (ISO) claims history reports on the three jurors and a supporting affidavit by the State Farm employee who conducted the research satisfied the requirements for obtaining a new trial set forth by the Florida Supreme Court in De La Rosa v. Zequeira, 659 So.2d 289 (Fla.1995). Alternatively, it argued that the ISO reports contained sufficient information to require interviews with the three jurors. We do not agree that the ISO reports, standing alone, are sufficient to entitle State Farm to a new trial. However, because the ISO reports provide reasonable grounds to believe that these three jurors may have concealed relevant and material information during voir dire, we hold that the trial court abused its discretion by denying State Farm’s motion for juror interviews. Accordingly, we reverse and remand for further proceedings.
Melanie Lawrence was injured in an auto accident caused by an uninsured motorist. She and her husband subsequently sued State Farm to collect uninsured motorist benefits under their own policy. Ultimately, the case proceeded to a jury trial.
During the Lawrences’ questioning of the venire, them counsel asked, “Has anyone here ever made a claim against State Farm?” Prospective Juror Paynter responded that he had made a claim under his State Farm homeowner’s policy for a burglary and a claim under his State Farm automobile policy for damage resulting from an auto accident. Prospective Juror Hunt responded that she had made a claim against State Farm for injuries that resulted when a State Farm insured collided with her car. The Lawrences’ counsel asked whether Ms. Hunt’s claim had settled or gone to trial, and she responded that it had settled. Two other prospective jurors, Ms. Hirons and Ms. Sellick, also responded that they had made claims against State Farm for damages to their cars and those of the people they collided with in auto accidents, and that these claims were settled. The Lawrences’ counsel also asked whether any venire-member had ever made a claim for uninsured or underinsured motorist benefits, and Prospective Juror Sellick responded affirmatively. Significantly, no other prospective jurors responded to these questions, and the Lawrences’ counsel did not ask any further questions concerning the venire’s claims history.
When State Farm’s counsel began his questioning of the venire, he indicated that he was not going “to retread the same ground.” However, later during his questioning, State Farm’s counsel asked the following question of the entire venire:
Have we covered everybody as far as any kind of claims that have been made against you or against a family member, or claims that you have made against someone else? We’re not talking about a claim my landlord cheated me out of something or I went and got my car repaired and the person did a bad job on my car and we had a dispute. I’m talking about somebody who’s injured, either you were injured, family members were injured, someone very close to you was injured, had a claim against somebody else, somebody was involved in an accident, they ran into the rear of someone else, someone make [sic] a claim against them. Have we covered every *55 thing thus far? Is there anybody that we haven’t covered all those things?
The venire remained silent. State Farm’s counsel then moved along to another question directed at an individual juror and ended his questioning shortly thereafter.
During the actual selection of the jurors, Prospective Jurors Paynter, Hunt, and Sellick were excused. However, Prospective Juror Hirons was selected as the alternate after State Farm had exhausted its peremptory strikes.
After the verdict in favor of the Lawrences was returned but before judgment was entered, State Farm conducted an ISO claims database record search on all of the jurors who served in this case. The resulting ISO reports appear to show that Jurors Fetzek, Woo, and Patterson had each made multiple claims under their respective personal automobile policies. Based on these allegedly undisclosed claims, State Farm filed a motion for new trial or, in the alternative, a motion to interview these three jurors. In support of its motion, State Farm filed the ISO reports together with the sworn affidavit of the State Farm adjuster who sought and received the reports. The trial court summarily denied the motion without a hearing[1] and without providing any reasons for its denial. It then entered final judgment in favor of the Lawrences. State Farm now seeks review of the denial of its motion, arguing that the trial court abused its discretion in denying the motion.
The purpose of voir dire is “ ‘to ascertain whether a cause for challenge exists, and to ascertain whether it is wise and expedient to exercise the right of per-
emptory challenge.’ ” Loftin v. Wilson, 67 So.2d 185, 192 (Fla.1953) (quoting Pearcy v. Michigan Mut. Life Ins. Co., 111 Ind. 59, 12 N.E. 98, 99 (1887)). To further that purpose, lawyers “are entitled to ask, and receive truthful and complete responses to, the relevant questions which they pose to prospective jurors.” Roberts ex rel. Estate of Roberts v. Tejada, 814 So.2d 384, 342 (Fla.2002). “ ‘A juror who ... conceals a material fact relevant to the controversy [ ] is guilty of misconduct, and such misconduct [] is prejudicial to the party, for it impairs his right to challenge.’ ” Loftin, 67 So.2d at 192 (quoting Pearcy, 12 N.E. at 100). However, despite the use of the term “misconduct,” the concealment at issue does not have to be intentional because the verdict may be impaired regardless of the juror’s motives. See Roberts, 814 So.2d at 343-44; Smiley v. McCallister, 451 So.2d 977, 978 (Fla. 4th DCA 1984). Therefore, when a party discovers posttrial that a juror may have concealed a material fact — whether actively, passively, or unintentionally — confidence in the integrity of the jury process and in a fair verdict is called into doubt. In such instances, litigants often seek to interview jurors in anticipation of seeking a new trial.
When a party seeks a new trial based on a juror’s alleged nondisclosure of information, that party must establish that: (1) the undisclosed information was relevant and material to jury service; (2) the juror concealed the information during questioning, and (3) the concealment was not due to a lack of the moving party’s diligence. De La Rosa, 659 So.2d at 241. Only when all three prongs are satisfied is a new trial warranted.
*56 In contrast to what is needed to prove entitlement to a new trial, a party seeking only a juror interview must set forth sworn factual allegations that, if true, would require a trial court to order a new trial. See Baptist Hosp. of Miami, Inc. v. Maler, 579 So.2d 97, 100 (Fla.1991). A juror interview is warranted if the moving party demonstrates reasonable grounds to believe that nondisclosure of relevant and material information occurred. See Sterling v. Feldbaum, 980 So.2d 596, 598 (Fla. 4th DCA 2008); Singletary v. Lewis, 584 So.2d 634, 636 (Fla. 1st DCA 1991) (“Where there are reasonable grounds to believe concealment of a material fact has taken place, a party is entitled to conduct a jury interview.”); see also Fla. R. Civ. P. 1.431(h) (providing that “a party who believes that grounds for legal challenge to a verdict exist ... may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge” (emphasis added)). When such reasonable grounds exist, it is appropriate to conduct a juror interview so that the court has the eviden-tiary predicate necessary to decide whether a new trial is warranted.
Here, the ISO reports attached to State Farm’s motion contain facts that tend to show that these reports pertain to three of the jurors who actually served in this case, and the reports appear to show a significant number of claims made by each of them against their respective insurance carriers. There is no dispute that none of these three jurors responded to the questions regarding claims posed by either the Lawrences’ counsel or State Farm’s counsel. Thus, taken at face value, these ISO reports are sufficient to provide reasonable grounds to believe that the jurors identified in the motion concealed material information during voir dire. Accordingly, the trial court abused its discretion by denying State Farm’s motion to the extent that it sought interviews with the three identified jurors, and we reverse that ruling.
In this appeal, both parties have urged this court to review the record and essentially make factual findings on the three De La Rosa elements to support their respective positions as to the propriety of the trial court’s ruling. However, this court reviews trial court rulings; it does not make factual findings in the first instance. See Farneth v. State, 945 So.2d 614, 617 (Fla. 2d DCA 2006) (“A fundamental principle of appellate procedure is that an appellate court is not empowered to make findings of fact.”). Therefore, on remand the trial court must conduct juror interviews in accordance with rule 1.431(h) and make a factual determination as to whether the evidence supports a finding that any of the three identified jurors concealed relevant and material information. Only after doing so will the trial court be in a position to determine whether State Farm is entitled to a new trial under De La Rosa.
Reversed and remanded for further proceedings.
WHATLEY and SILBERMAN, JJ„ Concur.

. We note that Florida Rule of Civil Procedure 1.431(h) requires that the trial court hold a hearing before granting or denying a motion for juror interviews. However, State Farm candidly admitted at oral argument that it did not bring this rule to the trial court’s attention, and it did not seek reversal on this basis in its brief to this court. Therefore, while we do not reverse on this basis, we take the opportunity to remind trial judges of the requirements of this rule.