PER CURIAM.
Jose Garcia, the defendant in this personal injury action, appeals an adverse final judgment, the denial of his new trial motion, and the denial of his motion to interview jurors. We affirm in part, and reverse in part with direction to conduct the juror interviews. Mr. Garcia’s appeal has been consolidated with the appeal brought by the plaintiff, Norma Borroto, from the denial of her motion for attorney’s fees; in this appeal we affirm.
The facts pertinent to our dispositions of these appeals are these. Jose Garcia’s car rear-ended the car in which Norma Borro-to was a passenger. Mrs. Borroto sued Mr. Garcia and served him with a $12,500 proposal for settlement.
During voir dire the prospective jurors were questioned extensively about having any injuries. The court clarified the scope of the information being solicited by stating:
Have you ever been injured to any extent — and this question is for all of you, and I’ll get to each one of you. I’m not interested in whether you stubbed your toe or you sprained your ankle once, I’m talking about injured in any regard — it doesn’t have to be in an automobile accident — in which you sought medical attention.
The court later further clarified that the focus was on whether the juror had been injured in any way, regardless of whether it was caused by someone else.
The defense exercised peremptory chal-lengés on jurors who had previously been in accidents and had required treatment. By the end of jury selection, it appeared that only one juror who was serving had had a prior accident. Juror Suarez had been involved in an accident twelve years before but reported no permanent injuries. He also reported having rear-ended someone and being sued. He felt the person was not really injured.
*188 After the jury returned a $105,300 verdict for Mrs. Borroto, Mr. Garcia filed a new trial motion and a motion to interview the jurors. Upon investigation, the defense claimed that two jurors had failed to reveal prior involvement in auto accidents and had filed PIP claims. Juror Ancin, who had stated she had never been injured in any way, allegedly was in an accident a little over three years before the trial. According to the records filed by Mr. Garcia, Juror Ancin had injured her low back, neck and left arm, and sought treatment for those injuries. Juror Suarez, who reported his accident twelve years before, apparently was also injured in another accident two years before and did not report it. The trial court denied the motions. Mr. Garcia appealed these denials.
Five days after the jury returned its verdict, Mrs. Borroto filed the original proposal for settlement with the court. However, the motion for attorneys’ fees was filed 73 days after the final judgment was filed. After two hearings on the motion, the trial court denied fees. Mrs. Borroto appealed this denial. This was consolidated with Mr. Garcia’s appeal from the final judgment.

Analysis

Motion to Interview Jwrors

We agree with Mr. Garcia’s argument on appeal: The trial court abused its discretion in denying his motion for juror interviews. “A juror interview is warranted if the moving party demonstrates reasonable grounds to believe that nondisclosure of relevant and material information occurred.” State Farm Mut. Auto. Ins. Co. v. Lawrence, 65 So.3d 52, 56 (Fla. 2d DCA 2011). Mr. Garcia has met this burden and his motion should have been granted.
In this case, the requirements for a juror interview were all met. See Roberts v. Tejada, 814 So.2d 334 (Fla.2002); De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995). Here, as in Lawrence, Mr. Garcia provided the court with sufficient facts that tended to demonstrate that two of the jurors who actually served in the case concealed material information during voir dire. “[W]hen a party discovers posttrial that a juror may have concealed a material fact— whether actively, passively, or unintentionally — confidence in the integrity of the jury process and in a fair verdict is called into doubt.” Lawrence, 65 So.3d at 55. Mr. Garcia was entitled to conduct juror interviews and inquire whether the identified jurors concealed relevant and material information. As such, the denial of the motion to interview is reversed and remanded for further proceedings.
Mr. Garcia’s remaining points on appeal lack merit.

Motion for Attorney’s Fees

Turning to Mrs. Borroto’s appeal, we find that the trial court properly denied the attorney’s fee motion. The Supreme Court of Florida stated in Saia Motor Freight Line, Inc. v. Reid, 930 So.2d 598 (Fla.2006), that the thirty-day deadline for filing fee motions in Florida Rule of Civil Procedure 1.525 is a bright line rule. The motion in this case was filed 73 days after the judgment was filed. The trial court had not yet ruled on entitlement. The trial court correctly denied the motion.
Based on our analysis, we reverse the denial of the motion for juror interviews and remand for further proceedings. We affirm in all other respects.