CLARK, J.,
dissents, with opinion.
I respectfully dissent.
The majority opinion suggests that Ms. Poppel’s concealment of her pending litigation before this judge is not material because the appellant’s counsel did not question two other jurors about their litigation experience. However, those jurors did reveal their litigation history during the questioning by the court on voir dire. In wrongly concealing her pending litigation, Ms. Poppel precluded any inquiry about her situation and what impact her situation might have on her ability to render a fair and impartial verdict.
In my view, being a party in another proceeding pending before the same judge is material — especially where the other proceeding was being litigated at the same time this trial was being litigated. Ms. Poppel’s pending proceeding was something which “counsel may reasonably be expected to give substantial weight in the exercise of his peremptory challenges.... ” See Mitchell v. State, 458 So.2d 819 (Fla. 1st DCA 1984). The concealment of material information prevented counsel from “making an informed judgment” which may have influenced counsel’s decision regarding peremptory challenges. Ms. Pop-pel’s candor and truthfulness may have “in all likelihood resulted in a peremptory challenge.” See Roberts v. Tejada, 814 So.2d 334 (Fla.2002).
Lawyers are entitled to make informed decisions about peremptory and cause challenges at voir dire, and should be able to base those informed decisions on truthful responses to inquiries on voir dire. Ms. Poppel’s concealment of a matter counsel may have reasonably accorded substantial weight raises concern as to the legitimacy of the jury verdict. As pointed out in State Farm Mutual Auto. Ins. v. Lawrence, 65 So.3d 52 (Fla. 2d DCA 2011), the juror’s concealment of a material fact casts doubt upon any confidence in the *550 fairness of the verdict, and the integrity of the process.
Of course, it is impossible to know exactly what counsel would have done had he known the truth about this juror’s involvement in numerous lawsuits, including the one pending. However, once the truth was discovered, and a new trial was not ordered based on the juror’s failure to reveal a material fact, the confidence in our jury system faltered. Ms. Poppel’s untruthfulness injected doubt about the legitimacy of the process.
The denial of the request for new trial under these circumstances should be deemed an abuse of discretion. Preserving the right to a fair trial before a proper jury fosters confidence in and preserves the legitimacy of the legal process.
The judgment should be reversed and the case remanded for a new trial before a proper jury.