DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL HUDSON,**
Appellant,

v.

**CITY OF SUNRISE,**
Appellee.

No. 4D17-0748

[February 14, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol Lisa Phillips, Judge; L.T. Case No. CACE15-009367.

Michael Hudson, Sunrise, pro se.

Gregg Rossman of Rossman Legal, Davie, for appellee.

KLINGENSMITH, J.

Michael Hudson appeals the trial court's entry of final summary judgment and a final order of forfeiture in favor of the City of Sunrise as to Hudson's interest in money and a vehicle. Hudson challenges the trial court's judgment and order as to the money which was entered without an evidentiary hearing. He contends that he had the right to such a hearing to prove his standing as a claimant because he asserted a bona fide claim to the money. Because the judgment and final order were entered without providing Hudson with an evidentiary hearing, we reverse.

This dispute arises from an incident where Sunrise police officers observed Hudson engage in what they determined to be a drug transaction. The officers conducted a traffic stop on Hudson's vehicle and noticed the distinct odor of cannabis emanating from the passenger compartment. Soon after, a K-9 officer alerted to the presence of a controlled substance in a plastic container found inside Hudson's vehicle. A subsequent search of the vehicle produced four identical Western Union credit cards bearing the names of other individuals and co-mingled with Hudson's personal credit cards. These credit cards were later identified as having been obtained from fraudulent tax returns. During the search, the officers also

discovered a water bill in Hudson's name as well as a furniture receipt, each featuring the same residential address. Upon taking Hudson into custody, they found he was also carrying $1,770 in cash.

Hudson waived his *Miranda* rights and admitted during questioning that he possessed the Western Union credit cards, but that someone else gave them to him. He also admitted he had sold cocaine in the transaction observed by the officers, and the drugs had been stored in the plastic container alerted to by the K-9. He also admitted to being part of a larger cannabis-smuggling ring that operated between Arizona and Florida.

Officers later conducted a search at the address listed on the water bill and furniture receipt. When they walked to the rear of the residence, they saw two bags of cannabis in plain view on the ground, and a towel wrapped around a clear plastic bag that tested positive for cocaine. The home's outdoor garbage cans were found to contain credit cards and credit card approval forms with various names on them.

From the search conducted inside the home, officers seized various papers and documents containing other individuals' personal identification and social security numbers, several fraudulent credit cards, two laptop computers, and two cell phones. Hudson was charged with the use, or possession with intent to fraudulently use, personal identification information without consent. Based on what they found at the home and in the vehicle, the officers concluded that the money Hudson was carrying was obtained either through the sale of controlled substances or through identity fraud. They then seized both the money and Hudson's vehicle to begin the process of forfeiture.

The City provided Hudson with a notice of seizure, and informed him of his right to request an adversarial preliminary hearing pursuant to section 932.703(2)(a), Florida Statutes (2015).[1] Hudson refused to sign the notice and failed to request an adversarial preliminary hearing. Thereafter, the City filed its forfeiture complaint and affidavit, and the trial court entered an order finding probable cause based on the City's documents. *See* § 932.704(5)(b), Fla. Stat. (2016); *see also Sanchez v. City of West Palm Beach*, 149 So. 3d 92, 97-98 (Fla. 4th DCA 2014) ("Only where 'no person entitled to notice requests an adversarial preliminary hearing' is the court's review limited to the traditional probable cause determination where the court 'review[s] the complaint and the verified

---

[1] After amendments were enacted in 2016, section 932.703(2) became 932.703(3). However, the substance of the law has remained substantially the same since the 1996 amendments.

2

supporting affidavit to determine whether there was probable cause for the seizure.'" (alteration in original) (quoting § 932.704(5)(b))). Later, Hudson filed a written response to the City's forfeiture complaint, but the trial court deemed his submission to be a mere unsworn denial of the allegations in the City's complaint, rather than defenses to the forfeiture.

Six months later, the City filed a motion for summary judgment against Hudson in the forfeiture proceeding. Hudson then filed an unsworn affidavit in opposition to the City's motion and attached a sworn affidavit from his mother, which stated, "I Catherine Hudson swear and affirm that [I] gave my son Michael Hudson $1,550.00 in [U.S.] currency as a birthday gift."

Thereafter, the trial court held a hearing on the City's motion for summary judgment. Near the end of the summary judgment hearing, Hudson advised the trial court that "the issue of standing, from my understanding and my position is that it should be a hearing before the Court where the Court determines if I have standing or if I'm a claimant or not and even in the same case law that [the City] cited, on here it says that." The City responded that Hudson's bald assertion that "the money is mine," sworn or otherwise, was insufficient for Hudson to carry his burden to prove that he was entitled to an evidentiary hearing. *See Fraser v. Dep't of Highway Safety & Motor Vehicles*, 727 So. 2d 1021, 1024 (Fla. 4th DCA 1999).

The trial court granted the City's motion and entered final judgment in its favor as to both the money and the vehicle, finding that Hudson did not have standing to contest the forfeiture. In doing so, the trial court ruled that the only sworn testimony submitted in opposition to the City's motion for summary judgment, namely the mother's affidavit, was legally insufficient since it contained just one sentence that purported to describe a portion of the $1,770 as a birthday gift with no further facts as to how, when, or where the alleged gift to her son took place. This appeal followed.

"'Summary judgment is appropriate only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.'" *Arp v. Waterway E. Ass'n, Inc.*, 217 So. 3d 117, 120 (Fla. 4th DCA 2017) (quoting *Cohen v. Arvin*, 878 So. 2d 403, 405 (Fla. 4th DCA 2004)). Summary judgment is subject to a de novo standard of review. *See id.*

Forfeitures are not favored in law or equity, thus forfeiture statutes must be strictly construed. *See Cochran v. Harris*, 654 So. 2d 969, 971 (Fla. 4th DCA 1995). Forfeiture proceedings in Florida are a two-stage process:

3

The first stage is an adversarial preliminary hearing in which the seizing agency is required to establish probable cause that the property subject to forfeiture was used in violation of the Forfeiture Act. § 932.701(2)(f), Fla. Stat. The Forfeiture Act provides that when personal property is seized, any "person entitled to notice" should receive notice of the right to a preliminary hearing within five days after the seizure and may make a request within fifteen days after receiving notice that the hearing be held. § 932.703(2)(a), Fla. Stat. The Act defines "person entitled to notice" as "any owner, entity, bona fide lienholder, or person in possession of the property subject to forfeiture when seized, who is known to the seizing agency after a diligent search and inquiry." § 932.701(2)(e), Fla. Stat. The second stage is a forfeiture proceeding "in which the court or jury determines whether the subject property shall be forfeited." § 932.701(2)(g), Fla. Stat. At the forfeiture proceeding, the court "shall" order the seized property forfeited to the seizing agency "[u]pon clear and convincing evidence that the contraband article was being used in violation" of the Forfeiture Act. § 932.704(8), Fla. Stat. (2002).[2] The person contesting the forfeiture in the second stage is identified in section 932.704 as a "claimant." The class of persons who are claimants is narrower than those entitled to notice of the adversarial preliminary hearing. A claimant is defined in section 932.701(2)(h) as "any party who has proprietary interest in property subject to forfeiture and has standing to challenge such forfeiture, including owners, registered owners, bona fide lienholders, and titleholders."

*Velez v. Miami-Dade Cty. Police Dep't*, 934 So. 2d 1162, 1164 (Fla. 2006).

To have standing in a forfeiture proceeding, "the alleged claimant has the burden of proving bona fide ownership of the seized property." *Fraser*, 727 So. 2d at 1025. Proof of a bona fide claim "is required to prevent fraudulent statements of ownership." *Id.* Factors to be considered in a trial court's assessment of the bona fide nature of a claim "include, but are not limited to, physical possession of the property and sources from which the money or other intangible property may have originated, such as employment, business ventures, loans, gifts and the like." *Id.*

---

[2] Pursuant to the 2016 amendments to section 932.704(8), the clear and convincing standard was changed to beyond a reasonable doubt.

4

Given that "this is a factual determination to be made by the trial judge, the claimant ought to have the opportunity to present his evidence on the issue to convince the court of the bona fide nature of his claim." *Id.* "[I]f the trial court is presented with conflicting evidence and no waiver of rights by the claimant, . . . the better procedure [is] to hold an evidentiary hearing." *Chuck v. City of Homestead Police Dep't*, 888 So. 2d 736, 747 (Fla. 3d DCA 2004).

In *Fraser*, a vehicle was stopped for speeding. 727 So. 2d at 1022. It was registered to the appellant's stepson, and during a search of the vehicle, an officer found four large bundles of money hidden inside its bumper, totaling $41,500. *Id.* Prior to the forfeiture proceeding, the appellant signed and submitted a sworn affidavit that stated, "the entire [$41,500] seized from [my stepson] on June 15, 1993, by Florida Highway Patrol Trooper Michael Van Leer in West Palm Beach belongs to me, [the appellant]." *Id.* at 1023. During a later deposition, the appellant asserted that he received the money by working. *Id.* He refused, on Fifth Amendment grounds, to inform counsel as to why the money was in the bumper, where it came from, why the money was in the car, or what corporation or person paid the appellant that much money. *Id.*

This court, while citing portions of the law delineated above, reversed and remanded. We stated, "Relying on *Byrom*,[3] in which the supreme court reversed for a factual determination of the bona fide nature of the claim of ownership, we reverse and remand to afford appellant a hearing before the trial court in which he can present evidence of his claim of ownership." *Id.* at 1025. We continued:

> If the facts as presented convince the court that appellant has a bona fide claim of ownership to the money, then appellant should be given the opportunity to be heard on the forfeiture. On the other hand, if the trial court finds that appellant has not carried his burden to prove his claim of ownership, then the trial court may dismiss appellant's claim for lack of standing.

*Id.*

Here, we find the trial court erred by failing to conduct an evidentiary hearing to establish whether Hudson possessed standing to contest

---

[3] *Byrom v. Gallagher*, 609 So. 2d 24, 27 (Fla. 1992).

forfeiture of the money at the forfeiture proceeding.[4] *See Velez*, 934 So. 2d at 1164. Hudson's opportunity to prove the bona fide nature of his interest was essentially truncated by the trial court's determination that the City's verified forfeiture complaint constituted uncontested testimony. *See Fraser*, 727 So. 2d at 1024. While the prospect of holding an evidentiary hearing in this matter was discussed, the trial court's failure to conduct such hearing after Hudson provided his mother's affidavit supporting a bona fide claim to the money deprived Hudson of the opportunity to establish himself as a claimant for the forfeiture proceeding. *See* § 932.701(2)(h); *Velez*, 934 So. 2d at 1164.

We reverse the final summary judgment and final order of forfeiture entered in favor of the City and remand for the trial court to conduct the necessary evidentiary hearing to determine whether Hudson possessed standing as a claimant to the $1,770 in the forfeiture proceeding under sections 932.701(2)(g), 932.701(2)(h), and 932.704. *See Velez*, 934 So. 2d at 1164. We affirm without comment as to the other issues raised by Hudson in this appeal.

*Affirmed in part, reversed in part, and remanded.*

TAYLOR and FORST, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

[4] We do not discuss Hudson's standing as to the vehicle for purposes of the second stage of the forfeiture proceeding because he did not provide sworn testimony proclaiming an interest in the vehicle. *See Fraser*, 727 So. 2d at 1024-25.