# Third District Court of Appeal
## State of Florida

Opinion filed June 26, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1209
Lower Tribunal No. 22-229
_____


**E Coast Investments, LLC**,
Appellant,

vs.

**James Delia,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Serrano Farah Law, LP and David T. Valero, for appellant.

Grossman Law Florida, LLC, and Alan Bryce Grossman (Plantation), for appellee.


Before LOGUE, C.J., and SCALES and LOBREE, JJ.

LOBREE, J.

E Coast Investments, LLC ("E Coast") appeals an order denying its

motion for writ of possession.  We have jurisdiction.  Fla. R. App. P. 9.130(a)(3)(C)(ii).  Because the trial court erred in denying the motion for a writ of possession based on its improper finding that granting the motion could result in inconsistent verdicts, we reverse.

## Factual and Procedural Background

James Delia ("Delia") and Ana Virginia Delia were owners of the subject property until they failed to pay the property taxes.  The property was subsequently sold to E Coast via a tax deed sale on December 16, 2021.

Less than a month later, E Coast filed a complaint for ejectment against Delia and Ana Virginia Delia.[1]  The complaint was later amended to include a cause of action for a writ of possession, asserting that pursuant to section 197.562, Florida Statutes (2022), E Coast was entitled to immediate possession of the property.  In December 2022, E Coast moved for issuance of an immediate writ of possession pursuant to section 197.562.

The matter proceeded, and in early June 2023, Delia filed an answer to the operative complaint, affirmative defenses, and a motion for extension of time to file a counterclaim.  While this was ongoing, the trial court set a hearing on E Coast's motion for writ for June 21, 2023.  The day before the

---

[1] Claims against Ana Virginia Delia were dismissed pursuant to a settlement agreement.

2

hearing, Delia filed an objection to the hearing arguing that: (1) pursuant to section 197.562, the hearing was meant to be a trial on the motion for a writ and the proper procedures to schedule a trial had not been followed; and (2) that the hearing was premature because he had not yet filed his counterclaim.

At the hearing, the trial court heard argument on E Coast's motion and Delia's objections and ultimately stated it would not issue the writ "because of the ejectment action being still pending" which "has potential for inconsistent verdicts." The trial court then entered a written order denying E Coast's motion without prejudice and sustaining Delia's objection, finding that due to the danger of inconsistent verdicts between the ejectment and writ of possession counts of the operative complaint, it could not proceed on the motion at that time. This appeal followed.

**Standard of Review**

The standard of review on issues involving the interpretation of statutes is de novo. Sommers v. Philip Morris USA, Inc., 49 Fla. L. Weekly D518 (Fla. 3d DCA Mar. 6, 2024) (citing Velez v. Miami-Dade Cnty. Police Dep't, 934 So. 2d 1162, 1164 (Fla. 2006)).

**Analysis**

Section 197.562 provides:

3

Any person, firm, corporation, or county that is the grantee of any tax deed under this law shall be entitled to the immediate possession of the lands described in the deed. If a demand for possession is refused, the purchaser may apply to the circuit court for a writ of assistance upon 5 days' notice directed to the person refusing to deliver possession. Upon service of the responsive pleadings, if any, the matter shall proceed as in chancery cases. If the court finds for the applicant, an order shall be issued by the court directing the sheriff to put the grantee in possession of the lands.

§ 197.562, Fla. Stat. (2022).

Pursuant to the plain language of section 197.562, a tax deed recipient may petition the trial court for a writ after providing notice to the party in possession. § 197.562, Fla. Stat. After "responsive pleadings" are served, the matter proceeds in chancery to the trial court where it examines the prior owner's defenses. Id. If the trial court finds, based on the pleadings before it, that the tax deed recipient is entitled to possession, then it shall issue an order directing the sheriff to place the tax deed recipient in possession of the property. Id.

Delia attempts to assert the trial court erred in holding the hearing because pursuant to the phrase "the matter shall proceed in chancery" he was entitled to a full trial on E Coast's claims and his counterclaims, and not a shortened procedure. However, the Florida Supreme Court has found that this statute "provides a summary proceeding for one with a tax deed . . . to

4

recover possession of the lands described therein when the owner or person in possession refuses to surrender possession." <u>Whittington v. Davis</u>, 32 So. 2d 158, 160 (Fla. 1947).  Section 197.562's statement that the matter must proceed "in chancery" does not undermine this.

Florida law has established that when a matter "proceeds in chancery" it means that the matter is meant to be determined by the trial judge considering all of the remedies and defenses available in equity.  <u>See</u> <u>id.</u> (finding that the "sufficiency [of a prior owner's defenses against a tax deed] to defeat the possessory writ is one for the chancellor to determine"); <u>Wiggins v. Williams</u>, 18 So. 859, 864 (Fla. 1896) (stating there is no provision whereby a party may obtain a jury "for cases in chancery" because "it is only in special cases, where the court desires the verdict of a jury for its own guidance, that issues in chancery can go before a jury at all").  Therefore, pursuant to the plain language of the statute, E Coast was entitled to a shortened procedure where the trial court held a hearing to consider the merits of E Coast's motion for writ and Delia's defenses.

Here, the trial court acknowledged the statute "does say that the grantee is entitled to immediate possession" but declined to consider the merits of the motion for writ because of the pending ejectment claim, asserting that "it has potential for inconsistent verdicts."  However, at issue

5

with this finding is that E Coast's claim for ejectment is entirely based on its claim to immediate possession of the property pursuant to the tax deed and, by implication, section 197.562. There can be no danger of inconsistent verdicts where a trial court's determination on the motion for writ would resolve the issue of E Coast's entitlement to eject Delia from the property.

"[A] legally inconsistent verdict means a verdict containing two material findings that are mutually exclusive . . . ." Am. Sales & Mgmt. Org. LLC v. Lopez, 373 So. 3d 1198, 1205 (Fla. 3d DCA 2023). In this case, there is no potential for the trial court to make findings that are mutually exclusive. If the trial court were to consider the merits E Coast's complaint and motion and the defenses presented by Delia and determine that E Coast was entitled to immediate possession under section 197.562, then logically E Coast's ejectment claim would be moot. E Coast would not need to pursue a claim for ejectment if the writ were granted because the trial court would issue an order "directing the sheriff to put" E Coast in possession of the property. § 197.562, Fla. Stat. However, if the trial court were to conclude that Delia had raised a sufficient defense against the writ, then the ejectment claim would proceed normally. The trial court thus erred in denying the motion for writ on this basis. Accordingly, we reverse and remand with instructions for the trial court to conduct a hearing on E Coast's motion for a writ of possession

6

consistent with section 197.562.[2]

Reversed and remanded with instructions.

---

[2] E Coast and Delia both discuss the merits of Delia's defenses in their briefs. However, as the trial court did not address this issue below, this court will not do so in the first instance on appeal.  See State Farm Mut. Auto. Ins. Co. v. Lawrence, 65 So. 3d 52, 56 (Fla. 2d DCA 2011) ("[T]his [appellate] court reviews trial court rulings; it does not make factual findings in the first instance.").